WASHBURN, by guardian *ad litem*, Appellant, vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Respondent.

*March 4 — March 22, 1887.*

*Negligence: Highways: Pleading.*

1. In an action for negligence in constructing a railway across a highway, an allegation that the railway company "tore up, changed, destroyed, and excavated said highway," does not show that the *locus in quo* was no longer a public highway, but amounts only to an allegation that the use of said highway by the public was interrupted or destroyed.

2. Where the only averment directly affecting the question of negligence is that a person did an act negligently, or the opposite, such averment is one of fact.

3. A complaint showing that the plaintiff, a boy five years old, was injured by falling into a dangerous excavation where a railroad crossed a highway, and alleging that neither he nor either of his parents was guilty of any negligence, but not showing whether the plaintiff was attended by any person at the time of the injury, or the circumstances under which he fell into the excavation, is *held* not to show that the plaintiff or either of his parents was guilty of negligence, but the reverse.

APPEAL from the Circuit Court for *Monroe* County.

The action was brought in 1885 to recover damages for personal injuries received by the plaintiff because of the alleged negligence of the defendant. This appeal is from an order sustaining a general demurrer to the complaint.

The complaint alleges that the plaintiff, *Lawrence Washburn*, is a minor seventeen years of age; that George W. Washburn was duly appointed his guardian to prosecute this action; that at the times mentioned therein the defendant company was a corporation, and constructed and operated a railroad through the counties of La Crosse and Monroe, and through the village of Onalaska in the former county, and that it constructed its railroad across a certain public highway or street in common use running though

said village westerly down to the Black river, which at the point of crossing slopes abruptly towards said river. The complaint then alleges as follows:

"That the defendant, in constructing its said railroad across said highway or street as aforesaid, tore up, changed, destroyed, and excavated said highway or street, and erected and constructed, as a part of its said railroad and under and as a support for its railroad track to rest on at said point, a perpendicular structure or frame work of timber extending about sixteen feet in depth below the level of such track and below the natural surface of said highway or street at said point, and of the width of said railroad track, and about fifteen feet in length across the traveled portion of said highway or street, with thick, heavy planks at the bottom thereof, and with no covering over the same other than the track rails and railroad ties necessary for laying its track rails on, between which said ties were large open spaces, and that, when such structure or frame work was so constructed and said railroad ties and said track rails laid thereon, it left the easterly side of said track on a level with the surface of said highway or street, while on the westerly side of said track was a perpendicular descent of about sixteen feet; and underneath said track was left an open space, cavity, or excavation of said depth of about sixteen feet, with thick, heavy planks at the bottom, and extending said distance of fifteen feet in length across the traveled part of said highway or street as above described, and of the width of said railroad track; that there were dwelling-houses occupied by people within a few feet of said open space, cavity, or excavation when said structure or frame work was erected, constructed, and completed.

"That in so constructing said structure or frame work, with said ties and railroad track rails thereon, said defendant tore up and destroyed said highway or street, and care-

lessly, negligently, and wantonly failed to restore said highway or street to its condition of usefulness before it was so torn up and destroyed, and carelessly, negligently, and wantonly constructed said structure or frame work, with said ties and railroad track rails thereon as aforesaid, across said highway or street, without due and proper care necessary to render the crossing thereof as little dangerous as possible to the public in the use of said highway or street, or to avoid accidents at that place, and carelessly, negligently, and wantonly left said structure or frame work, with said ties and track rails thereon as hereinbefore described, for many years thereafter, and especially at the times and dates hereinafter mentioned, in a perilous, unprotected, and dangerous condition, without any covering of any kind over said open space, cavity, or excavation, except said ties with large spaces between them with track rails thereon, and carelessly, negligently, and wantonly failed and neglected to in any way protect or guard the same or its said railroad in said village of Onalaska, so as to prevent accidents and injuries at said place."

It is then alleged that in May, 1872, the highway or street and railroad crossing being in the condition above stated, the plaintiff, who was then but five years of age, "without any knowledge of the condition of said highway or street, or of said open space, cavity, or excavation, without any carelessness or negligence on his part or on the part of his said parents or either of them, passed onto and along said highway or street on the easterly or upper side of said open space, cavity, or excavation, and walked towards and into and fell through said open space, cavity, or excavation, with great force and violence onto said planks at the bottom thereof, and fractured his skull, and injured his heart, lungs, and other internal organs, and caused him great, serious, and permanent injuries in his head, body, and back."

The complaint concludes with a further statement of

such injuries, and a demand of judgment for $20,000, and costs.

For the appellants there was a brief by *Bleekman, Tourtellotte & Bloomingdale,* and oral argument by *Mr. Bleekman:* The statute is explicit in requiring railway companies to restore highways which they intersect to their former condition of usefulness. R. S. 1858, ch. 79, sec. 11; Laws of 1872, ch. 119; R. S. 1878, sec. 1836; Rorer on Railroads, 545 *et seq.; Duffy v. C. & N. W. R. Co.* 32 Wis. 269; *Roberts v. C. & N. W. R. Co.* 35 id. 679. The defendant is also liable on common-law principles. Shearm. & Redf. on Neg. secs. 359, 360; 4 Wait's Act. & Def. 736; *Seymer v. Lake,* 66 Wis. 651. The owner of dangerous machinery who leaves it in an open place, though on his own land, is bound to use reasonable care to protect young children, attracted to play with it, from the danger to which they are thus exposed. *Keffe v. M. & St. P. R. Co.* 21 Minn. 207; *Railroad Co. v. Stout,* 17 Wall. 657; *Powers v. Harlow,* 53 Mich. 507. As to the degree of care which children of tender years are required to exercise, see Rorer on Railroads, 1028 *et seq.;* Id. 1068, note; *Railroad Co. v. Stout,* 17 Wall. 657; *Railroad Co. v. Gladmon,* 15 id. 401; *Collins v. S. B. R. Co.* 142 Mass. 301; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *E. S. City R. Co. v. Bohn,* 27 Mich. 504; *Thurber v. H. B., M. & F. R. Co.* 60 N. Y. 326; *McGovern v. N. Y. C. & H. R. R. Co.* 67 id. 417. The mere fact of plaintiff being in the highway at all, unexplained by other circumstances, is not *prima facie* evidence of negligence on the part of his parents, but the question is one for the jury. *Lynch v. Smith,* 104 Mass. 52; *Mulligan v. Curtiss,* 100 id. 512; *Bransom's Adm'r v. Labrot,* 50 Am. Rep. 193; *East Saginaw City R. Co. v. Bohn,* 27 Mich. 504; *O'Connor v. B. & L. R. Co.* 135 Mass. 352; *Collins v. S. B. R. Co.* 142 Mass. 301; *P., B. & W. R. Co. v. Layer,* 112 Pa. St. 414; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 357; *Parish v.*

*Eden,* 62 id. 272; *Dahl v. Mil. City R. Co.* id. 652; *Kay v. Penn. R. Co.* 3 Am. Rep. 628; *Strong v. Stevens Point,* 62 Wis. 255; *Schmidt v. M. & St. P. R. Co.* 23 id. 186; *Johnson v. C. & N. W. R. Co.* 49 id. 529; *Townley v. C., M. & St. P. R. Co.* 53 id. 626; Rorer on Railroads, 1072 *et seq.; Murphy v. Orr,* 96 N. Y. 14; *Mangam v. Brooklyn R. Co.* 38 id. 455; *Ihl v. F. S. Street R. Co.* 47 id. 317; *McGarry v. Loomis,* 63 id. 104; *Cosgrove v. Ogden,* 49 id. 255. The fact which a party is to prove should be pleaded, and not the evidence in support of the fact. Under this rule the allegation that neither the plaintiff nor his parents were negligent is the proper form of pleading. Bliss on Code Plead. secs. 208, 210, 211; *Titts v. Waldeck,* 51 Wis. 567; *Behm v. Armour,* 58 id. 1; *Potter v. C. & N. W. R. Co.* 20 id. 533; *Randall v. N. W. Tel. Co.* 54 id. 140; *Hoth v. Peters,* 55 id. 405; *Clark v. C., M. & St. P. R. Co.* 28 Minn. 69; *Grinde v. M. & St. P. R. Co.* 42 Iowa, 377; *Ekman v. Minn. St. R. Co.* 34 Minn. 24.

For the respondent the cause was submitted on the brief of *Jenkins, Winkler, Fish & Smith.* The complaint shows that the highway was destroyed, and hence shows no duty on the part of the company to the plaintiff. *Mason v. Mo. Pac. R. Co.* 27 Kan. 83–88. The parents of a child of tender years are *prima facie* guilty of contributory negligence in allowing the child to wander alone near dangerous excavations. *Hartfield v. Roper,* 21 Wend. 615, 618; *Callahan v. Bean,* 9 Allen, 401. The complaint having made out a *prima facie* case of contributory negligence, that fact is fatal on demurrer. *Hoth v. Peters,* 55 Wis. 405, 412. The allegation in the complaint that neither plaintiff nor his parents were guilty of contributory negligence is insufficient to negative this presumption. *Cahill v. Layton,* 57 Wis. 614; *Sullivan v. Waters,* 14 Ir. C. L. (N. S.), 464. The fact of the presence of a child in such dangerous place is sufficient, *prima facie,* to raise the presumption that he was

there by permission of his parents. *St. L., I. M. & S. R. Co. v. Freeman*, 30 Ark. 49. That negligence of the parent is imputable to the child. *Gibbons v. Williams*, 135 Mass. 333; *Mangam v. B. R. Co.* 38 N. Y. 455–8; *Glassey v. H., M. & F. R. Co.* 57 Pa. St. 172, 174; *McGarry v. Loomis*, 63 N. Y. 106; *Chicago v. Starr*, 42 Ill. 174, 177.

LYON, J. The learned circuit judge sustained the demurrer on two distinct grounds. He held that it appears affirmatively by the allegations of the complaint (1) that the defendant company owed no duty to the plaintiff in respect to the manner in which it constructed and maintained its railroad at the place where the plaintiff was injured; and (2) that the parents of the plaintiff are chargeable with negligence in that they allowed him to go to such place. If either of these propositions is correct, the demurrer was properly sustained; otherwise, if neither of them can be upheld.

1. The proposition that the defendant owed no duty to the plaintiff, and hence as to him was not guilty of any negligence, seems to be rested upon the averment in the complaint that many years before the plaintiff was injured the defendant tore up and destroyed the highway, and it was never restored. Hence, it is claimed that the place of injury was not a public highway, and it does not appear that the plaintiff had any right to be there. Under the liberal rules for the construction of pleadings which now prevail, we think this is not a correct interpretation of the language of the complaint. Evidently it was not the intention of the pleader to allege that a public highway no longer existed at the *locus in quo*, but only that the use of the highway for public travel throughout the extent thereof was interrupted and destroyed by the construction of the railroad across it. The *locus in quo* remained a public highway after it was so obstructed, as before, and the plaintiff

or any other person might lawfully go upon it and use it as such. Indeed, it may fairly be inferred from the averment that occupied dwelling-houses stood within a few feet of the place of injury, that the portion of the highway or street east of the railroad was in use as a public way when the plaintiff was injured.

Hence, we conclude that, under the averments of the complaint, the *locus in quo* was a public highway, upon which any person might lawfully travel, and that the defendant owed the duty to all persons traveling there, including the plaintiff, to make the approaches to its railroad, and the crossing of the street over the same, reasonably safe to such travelers. The complaint sufficiently shows that the defendant failed to perform this duty, but made and left unguarded a deep and very dangerous pit in the highway, into which the plaintiff (who, so far as is made to appear, was lawfully there) fell and was injured. This makes at least a *prima facie* case of negligence against the defendant.

2. The complaint fails to aver whether the plaintiff was attended or unattended by either of his parents or any other person when injured, or under what circumstances he went to the railroad track and fell into the pit. It is averred, however, that neither the plaintiff nor either of his parents were guilty of any carelessness or negligence contributing to the injuries complained of, and there is no averment of fact in the complaint from which negligence on the part of either can properly be inferred, except the averments that the plaintiff was in a dangerous place and was injured. It is said that such averment of freedom from negligence is a mere conclusion of law. This might be so were all the facts specially stated. In such case, if the facts showed negligence, then an averment or finding of no negligence would be regarded as an erroneous conclusion of law, and no force or effect would be given to it. This was done in

*Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139, which was such a case. But when, as here, the only averment directly affecting the question of negligence is that a person did an act negligently or the opposite, the averment must be regarded as one of fact, and effect given to it accordingly. Applying this rule here, it results that the complaint does not show the plaintiff or either of his parents guilty of any negligence in the premises, but the reverse. The force of the averment of due care or freedom from negligence is not destroyed or weakened by the failure of the pleader to explain why the plaintiff came to be at the place of injury.

The complaint may lack definiteness and certainty of statement, but we must hold that it states facts sufficient to constitute a cause of action.

*By the Court.*— The order is reversed, with a direction to the circuit court to overrule the demurrer.