JOHN R. JONES AND FREDERICK JONES, CO-PARTNERS AS JOHN R. JONES & SON, *v.* THE GREAT NORTHERN RAILWAY COMPANY.

Opinion filed October 26, 1903.

**Railroads—Killing Stock—Sufficiency of Complaint.**

> 1. A complaint in an action to recover damages for negligently killing certain stock alleged that on or about a specified date the defendant, in operating a train of cars, negligently, carelessly, and wrongfully struck and killed the same. *Held,* that such complaint states a cause of action.

Appeal from District Court, Benson county; *Morgan,* J.

Action by John R. Jones & Son against the Great Northern Railway Company. From an order overruling a demurrer to the complaint, defendant appealed.

Affirmed.

*C. J. Murphy* for the appellant.

While under the Code, pleadings are liberally construed as to matters of form, yet the rule does not dispense with the necessity of properly pleading the facts; and as to all substantial matters and allegations, a complaint will be strictly construed against the pleader. *Nation et al.* v. *Cameron,* 2 Dak. 347; *State ex rel. Mc-Kinzie* v. *Casteel, Auditor,* 11 N. E. Rep. 219.

Without a showing that the plaintiffs' animals were at a public crossing, or by license of defendant on its right of way; or the duty of defendant to fence its track; that defendant saw animals in time to avoid killing them, the mere allegation of "negligence" is not sufficient to show the defendant's liability. *Williams* v. *Northern Pacific R. Co.,* 3 N. D. 168, 14 N. W. Rep. 97; Code defines negligence, Rev. Codes 1899, sections 5110, 5111.

A case could arise under the statute where stock might be killed by a railroad company, and the latter be guilty of negligence, and yet not liable for damages. For instance, if stock is trespassing upon the right of way, and train employes fail to exercise "great care and diligence, which amounts to slight negligence" under the Code, whereby stock is killed, there could be no recovery. The question therefore arises, what sort of negligence does the complaint state? Under the rule, that ambiguous and defective pleadings must be construed most strongly against the pleader, the complaint, it seems to us, is bad. *Ensley R. R. Co.* v. *Chewning,* 11 Am. Neg. Cases 22.

To warrant recovery of damages for gross or wilful negligence, such negligence must be specifically alleged and proven. *Chicago & Eastern Ill. R. Co.* v. *Hedges, Admx.,* 25 Am. Eng. R. R. Cases, 55; *Williams* v. *Northern Pacific R. Co., supra; Munger* v. *R. R. Co.,* 4 N. Y. 349; *Spinner* v. *R. R. Co,* 67 N. Y. 156; *Sheffler, Admr.* v. *Minneapolis & St. Louis Ry. Co.,* 21 N. W. Rep. 518; *Johnson* v. *Truesdale,* 48 N. W. Rep. 1136; *Cin., etc., R. R. Co.* v. *Eaton,* 53 Ind. 307; *Evansville, etc., R. R. Co.* v. *Wolf,* 59 Ind. 89; *Penn. R. R. Co.* v. *Gelatine,* 7 Am. & Eng. R. R. Cases 517; Maxwell on Code Pleadings, 254; *Woodward* v. *Oregon Ry. & Nav. Co.,* 22 Pac. Rep. 1076; *McPherson* v. *Pacific Bridge Co.,* 26 Pac. Rep. 560.

*Guy C. H. Corliss* for respondent.

Negligence is regarded as a matter of fact, not as a conclusion of law. When it is alleged that the act, which caused the injury,

was negligently done, the ultimate fact on which the liability rests is stated. Everything else is a mere matter of evidence, and has no place in the complaint. *New York, C. & St. L. R. Co.* v. *Kistler,* 64 N. E. Rep. 130, 87 Mo. App. 618; *Chaperon* v. *Portland General Electric Co.,* 67 Pac. Rep. 928; *Kelley* v. *Anderson,* 87 N. W. Rep. 579; *Louisville & N. R. Co.* v. *Shearer,* 59 S. W. Rep. 330; *Cederson* v. *Oregon R. & Nav. Co.,* 62 Pac. 637; *Cederson* v. *Oregon R. & Nav. Co.,* 63 Pac. 763; *Cunningham* v. *Los Angeles Ry. Co.,* 47 Pac. Rep. 452; *Fremont, E. & M. V. R. Co.* v. *Harlin,* 70 N. W. Rep. 263, 36 L. R. A. 417, 61 Am. St. Rep. 578, 14 Enc. Pl. & Pr. 333, 334; *Rogers* v. *Truesdale,* 58 N. W. Rep. 688; *Louisville E. & St. L. Consolidated R. R. Co.* v. *Hicks,* 37 N. E. Rep. 43; *Louisville, N. A. & C. Ry. Co.* v. *Berkey,* 35 N. E. Rep. 3; *House* v. *Meyer,* 100 Cal. 592, 35 Pac. Rep. 308; *Benjamin* v. *Holyoke St. Ry. Co.,* 35 N. E. Rep. (Mass.) 85; *Senat* v. *R. R. Co.,* 57 Mo. App. 223; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24; *Railroad Co.* v. *Croskell,* 6 Tex. Civ. App. 160; *Hanson* v. *Anderson,* 90 Wis. 195, 62 N. W. Rep. 1055.

Plaintiff is entitled to the benefit of Sec. 2978 Rev. Codes. The law casts on defendant the burden of showing the fault, in all its particulars. The plaintiff, who is necessarily ignorant of the facts, may plead the negligence the most general way. See *Smith* v. *N. P. R. R. Co.,* 53 N. W. Rep. 173.

Fisk, District Judge. This action was commenced for the purpose of recovering damages claimed to have been sustained by the plaintiffs on account of defendant's negligence in operating its trains, whereby certain of plaintiffs' stock was killed and injured by such trains. The complaint is challenged by demurrer upon the ground that it fails to allege facts sufficient to constitute a cause of action; the particular defect urged being that the allegation of negligence is too general, and merely states a conclusion.

The complaint, so far as it is material to the questions here involved, is as follows: "That on or about April 26, 1891, in operating a train upon said railroad in said county, defendant negligently and carelessly and wrongfully struck and killed a certain heifer then and there the property of plaintiffs, of the value," etc. The complaint contained several causes of action, but they are all pleaded in the same manner. Is such a complaint vulnerable to attack by demurrer upon the ground above stated? We think not. It

alleges, in substance, that defendant, in operating its train, struck and injured plaintiffs' stock, and that this was negligently done. Negligence is a traversable fact, and a general allegation, without stating the particulars showing negligence, is enough, as against a demurrer for insufficiency. Such an allegation is equivalent to whatever degree of negligence is necessary to sustain the pleading, and the degree of negligence is a matter of proof, and therefore need not be pleaded. Whatever degree of negligence—whether slight, ordinary, or gross—which it is necessary for the plaintiff to prove in order to make. out his case can be proved under such a general allegation. While there are a few authorities to the con-- trary, we think the great weight of authority is that such an allega- tion of negligence is sufficient. *Rolseth* v. *Smith* (Minn.) 35 N.. W. 565, 8 Am. St. Rep. 637, and numerous cases cited in note; *Harper* v. *Norfolk, etc., Ry. Co.* (C. C.) 36 Fed. 102; *Hobson* v. *N. M. R. Co.* (Ariz.) 11 Pac. 551; *Fordyce* v. *Merrill,* 49 Ark. 277,. 5 S. W. 329; *Central R. Co.* v. *Kitchens,* 83 Ga. 83, 9 S. E. 827;. *Hammond* v. *Schweitzer,* 112 Ind. 246, 13 N. E. 869; *Anderson* v. *East* (Ind.) 19 N. E. 726, 2 L. R. A. 712, 10 Am. St. Rep. 35;. *Scott* v. *Hogan* (Iowa) 34 N. W. 444; *McFadden* v. *Missouri Pac. Ry. Co.,* 92 Mo. 343, 4 S. W. 689, 1 Am. St. Rep. 721; *Davis* v. *Guarnieri* (Ohio) 15 N. E. 350, 4 Am. St. Rep. 548; *Washburn* v. *C. & N. W. Ry. Co.,* 68 Wis. 474, 32 N. W. 234; *N. Y., C. & St. L. Co.* v. *Kistler* (Ohio) 64 N. E. 130; *Chaperon* v. *Port-- land Gen'l Electric Co.* (Or.) 67 Pac. 928; *Kelley* v. *Anderson* (S.. D.) 87 N. W. 579; *Louisville & N. R. Co.* v. *Shearer* (Ky.) 59' S. W. 330; *Cederson* v. *Oregon R. & N. Co.* (Or.) 62 Pac. 637; Id. (Or.) 63 Pac. 763; *Cunningham* v. *Los Angeles Ry. Co.* (Cal.) 47 Pac. 452; *Fremont, etc.,* v. *Harlin* (Neb.) 70 N. W. 263, 36 L. R. A. 417, 61 Am. St. Rep. 578; 14 Ency. Pl. & Pr. 333 to 344,. and numerous cases cited. In the case of *Clark* v. *C., M. & St. P. Ry. Co.* (Minn.) 9 N. W. 75, Mitchell, J., in writing the opinion,. uses the following language: "It is urged that it is not sufficient to allege that an act was done negligently or carelessly; that this is a mere conclusion of law, and not a statement of an issuable fact;. that the physical facts constituting the negligence must be alleged.. It is, of course, an elementary rule of pleading that facts, and not mere conclusions of law, are to be pleaded. But this rule does not. limit the pleader to the statement of pure matters of fact, unmixed with any matter of law. When a pleader alleges title to or owner-

ship of property, or the execution of a deed in the usual form, these are not statements of pure fact. They are all conclusions from certain probative or evidential facts not stated. They are in part conclusions of law, and in part statements of facts, or, rather, the ultimate facts drawn from these probative or evidential facts not stated; yet these forms are universally held to be good pleading. Some latitude must therefore be given to the term 'facts,' when used in a rule of pleading. It must of necessity include many allegations which are mixed conclusions of law and statements of fact; otherwise pleadings would become intolerably prolix, and mere statements of the evidence. Hence it has become a rule of pleading that while it is not allowable to allege a mere conclusion of law, containing no element of fact, yet it is proper not only to plead the ultimate fact inferable from certain other facts, but also to plead anything which, according to the common and ordinary use of language, amounts to a mixed statement of fact and of a legal conclusion. It may not be possible to formulate a definition that will always describe what is a mere conclusion of law so as to distinguish it from a pleadable, ultimate fact, or that will define how great an infusion of conclusions of law will be allowed to enter into the composition of a pleadable fact. Precedent and analogy are our only guides. And it is undoubtedly true that there will be found a want of entire judicial harmony in adjudicated cases as to what are statements of fact and what are mere conclusions of law. And in holding one class of references as facts to be pleaded, and another as conclusions of law to be avoided, courts may have been often governed more by precedent than by a substantial difference in principle. But it has been quite generally held that the question of negligence in a particular case is one of mingled law and fact; that when we speak of an act as negligent or careless, according to the common use of language, we state, not simply a conclusion of law, but likewise state an ultimate fact inferable from certain other facts not stated. Therefore it has been generally settled by precedent and authority that a general allegation of negligence or careless-ness, as applied to the act of a party, is not a mere conclusion of law, but is a statement of an ultimate fact allowed to be pleaded." We are in full accord with the foregoing reasoning.

But counsel for appellant urge that negligence of the plaintiffs in permitting the stock to be on the railroad track is not negatived in the complaint, and therefore is admitted. They argue that, inas-

much as stock was not permitted to run at large at the time of the alleged injury, plaintiffs must have been guilty of contributory negligence, as a matter of law, in permitting the stock to be upon the defendant's right of way. The fallacy of this argument is that there is nothing in the complaint to show the reason why said stock was on the right of way. Furthermore, there is nothing to show that the stock was on the right of way. For all that appears from the complaint, they may have been injured at a public crossing. Certainly there is nothing to show that the stock was at the place of the injury (wherever it may have been) through any negligence of plaintiffs, and our answer to the contention of defendant's counsel in this regard is that negligence on the part of the plaintiffs will not be presumed, but is an affirmative defense. In some jurisdictions it is necessary for plaintiff to negative negligence on his part, but this is not the rule in this state.

We are of the opinion, therefore, that the order overruling the demurrer was correct, and should be affirmed. All concur.

MORGAN, J., being disqualified, took no part in the decision; Judge C. J. FISK, of the First Judicial District, sitting by request.