### IN RE MARIE WALBRIDGE, PETITIONER.*

St. Louis Court of Appeals. Opinion filed June 22, 1926.

**Habeas Corpus—Infants—Custody—Juvenile Court—Jurisdiction—Judgments—Changing Custody of Child on Finding of Neglect—Void.** Where, in a **habeas corpus** proceeding, it appeared that petitioner, mother, was granted an absolute divorce from respondent, father, and the decree awarded her the care, custody and control of the children, which decree became final and petitioner took custody of the children, and subsequently thereto the juvenile court, on information that the children were "neglected children," after a hearing, entered a judgment finding the children to be neglected children and ordering them committed to the custody of respondent, **held** that such judgment is not a valid judgment for the reason that it does not meet the requirements of sections 2591 and 2594, Revised Statutes 1919; that the juvenile court was without jurisdiction, on the score of neglect, to undertake to supervise the care and custody of a child who is not "destitute, or homeless or abandoned, etc.," and therefore its judgment on such finding was a nullity.

*Corpus Juris-Cyc. References: Infants, 31 C. J., p. 993, n. 37 New.

*Habeas Corpus.* Original Proceeding.

WRIT AWARDED.

*Everett Paul Griffin* and *Forrest G. Ferris* for petitioner.

*Conway Elder* for respondent.

PER CURIAM:—This is an original proceeding by *habeas corpus.* The petitioner, Marie Walbridge, is the mother of two minor children, Dorothy May Walbridge and Charles Roy Walbridge, aged five and four years respectively. The respondent, Charles R. Walbridge is the father of the children.

It appears from the petition that the writ of *habeas corpus* and from the stipulation submitted in the case that on October 21, 1924, the petitioner was granted an absolute divorce from the respondent, and the decree of divorce awarded her the care, custody and control of the children. This decree was not appealed from, or modified, whereupon petitioner took custody of the children under said decree, and subsequently thereto, to-wit on May 12, 1925, the juvenile court of the city of St. Louis, on information that the children were "neglected children" and after a hearing, ordered the children to be transferred to the husband, and thereafter the wife, as petitioner, sued out this writ of·*habeas corpus.*

The petitioner relies upon the single point that the order of the juvenile court granting the children to the husband is void; the respondent's return challenges this legal position and is in the nature of a demurrer, so that we have the one question before us as to whether the order of the juvenile court awarding the custody of the children to the father, the respondent here, is valid, and of course whether the father may hold the children under that judgment alone.

The information was filed by Jesse B. Smith, a probation officer, and charges that Dorothy May and Charles Roy Walbridge are minor children residing in the city of St. Louis, and are neglected within the meaning of the statute in that "they are suffering from the cruelty of the mother who leaves them in the care of a negro janitor and negro maid who abuses them; on one occasion the maid beat Dorothy for eight minutes." The information was verified. The juvenile court rendered the following judgment upon the hearing upon such information:

"Now at this day this cause coming on for hearing come the defendants in their own proper person, and this case is submitted to the court upon the evidence and proof adduced, and the court having duly inquired into the matter doth find the defendants to be neglected children.

"WHEREFORE, it is considered, ordered and adjudged by the court that the defendants be and they are hereby committed to the custody of their father, Mr. Charles LeRoy Walbridge, 3111 Rolla Pl., under the supervision of the probation officer of this court."

Petitioner relies upon the decision of State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S. W. 617, and under that case there seems to be no escape from the position that the judgment here is void. Considering the information in this case as regular and sufficient, yet the judgment is a nullity. In the Dew case, supra, the children had been awarded to one of the parties by a divorce decree. An award was then made by the juvenile court, and subsequently *habeas corpus* proceeding was instituted, just as here. The case reached the Su-

preme Court on *certiorari* to the Kansas City Court of Appeals. The judgment of the juvenile court in the Dew case was as follows:

"Now on this day comes the case of Margaret Marty, age five years, not in person, by probation officer and father, and it appearing to the court from the evidence that said Margaret Marty is neglected, it is ordered by the court that Margaret Marty be made a ward of the court and then committed to her father, L. A. Marty."

The judgment in the instant case, as set out, is in effect the same. Judge RAGLAND in the Dew case, speaking for the Court en Banc, said that a mere recital in the judgment of the juvenile court that it appears to the court from the evidence that a certain child "is neglected," and she is therefore ordered to be committed to her father, does not constitute a valid judgment, for the reason that it does not meet the requirements of the statute (Sec. 2594, R. S. 1919), which is to the effect that the juvenile court "shall determine that the child is a 'neglected child' within the definition thereof contained in section 2591; that in its definition of the words 'neglected child' the Legislature has carefully, expressly and explicitly limited the jurisdiction which it has conferred on juvenile courts, and whenever such a court undertakes, on the score of neglect, to supervise the care and custody of a child who is not 'destitute, or homeless or abandoned,' etc., it is merely an intermeddler, and its judgment is a nullity."

The information in the Dew case was considered sufficient, but the juvenile court in its judgment simply found that the child was "neglected," the same as we find in the instant judgment, and the Supreme Court said of that, "the court may have used the word 'neglected' in the same sense in which it was used by the informant, but whether it did or not, its finding of mere neglect, to which nothing can be added by intendment, falls far short of 'destitute or homeless or abandoned, or dependent upon the public for support,' etc., the conditions specified in the statute." And so the Supreme Court concluded in that case that the judgment of the juvenile court was a nullity.

And we are constrained to hold that the juvenile court having failed to make such finding in the judgment now under review, the judgment here is a nullity and accordingly no other avenue is open to us, as presently advised, than to remand these children to the parent where the juvenile court found them, to-wit, the petitioner, Marie Walbridge, and to effect this it is ordered that the children for whom the petition is filed are discharged from the custody of the respondent. Under the issues, as made, we are not called upon to determine where between the parents the welfare of the children would be best promoted, but alone whether respondent may hold them under the judgment of the juvenile court as now written.

It is therefore ordered and adjudged that the said Dorothy May Walbridge and Charles R. Walbridge, minor children, be by respondent forthwith delivered over unto the custody of the petitioner.