EX PARTE CHARLES ROBERT LABEL, etc., Petitioner, v. PATRICK SULLIVAN.—No. 37940.—165 S. W. (2d) 639.

Court en Banc, November 12, 1942.

*Maurice Mushlin* for petitioner.

*Gilbert Weiss* for respondents.

ELLISON, C. J.—HABEAS CORPUS. The petitioner is the putative father of an illegitimate child now five years old, whose custody is involved herein. The respondents are the parents of the mother of the child. About three years ago the probation officer of the City of St. Louis filed a verified petition in the Juvenile Court alleging that the child, aged three years, was a *"neglected child within the meaning of the statutes in such case made and provided in this to-wit: that he is neglected by his parents who have failed to provide properly for him;"* and praying that the Court make due inquiry and enter such order as should appear to be just and proper for the best interest of the child.

The Court rendered judgment finding the facts substantially in the exact language of the petition, as we have italicised it above; and ordered the child committed to the Catholic Charities of St. Louis, there to remain until the further order of the Court, or until discharged by due process of law. Two months later, on written motion the custody of the child was ordered changed to the present respondents, under the supervision of the probation officer of the Court. No appeals were taken from this judgment and order. Last December the petitioner brought habeas corpus in the St. Louis Court of Appeals, and the child was remanded to the respondents in Ex Parte Label, 156 S. W. (2d) 37, where the facts are stated more fully.

The petitioner contends in his petition for our writ, that the judgment and commitment of the Juvenile Court were void, and that the court had no jurisdiction over the subject matter or proceeding because: (1) the petition in that court wholly failed to state a cause of action, in that its allegations were insufficient to charge said child was neglected within the meaning and proper construction of the statute; (2) the judgment used the same insufficient language as the petition, and contained no specific findings upon which the order could be based; (3) and finally because the child was not in fact or law "neglected", and the adjudication to that effect was a subterfuge by

which the *legal* custody of the child was taken away from its father, the petitioner.

The respondents assert the judgment was valid; that the petitioner, as the alleged father of an illegitimate child, has no right to its custody such as would entitle him to bring this habeas corpus proceeding in his own behalf; and that the child's welfare is the controlling consideration.

■ Under the decisions and on the face of this record there would be ground for holding the petitioner is not entitled to be heard. Ordinarily the petition for a writ of habeas corpus drops out of the case when a return thereto is filed; and the latter becomes the first or principal pleading, which the petitioner can traverse only by a reply. If he does not thus join ■ issue the facts alleged in the return will be taken as true. Sec. 1617, R. S. 1939, Mo. R. S. A., sec. 1617; Thompson v. Sanders, 334 Mo. 1100, 1103(1), 70 S. W. (2d) 1051, 1052(1). Respondents did file a return here, alleging facts which would preclude a judgment for petitioner—unless it be upon one ground which we shall consider later—and the petitioner has not filed a reply of any sort. But it is further held in Ex parte Bass, 328 Mo. 195, 197, 40 S. W. (2d) 457, that the case may be heard even on the petition alone if the parties join in submitting the case thereon, ignoring the above procedure. We think the respondents have waived the petitioner's failure to file a reply. They make no point on it, and allege in their brief that an agreed statement of facts has been filed, thus indicating an intention to submit the case on the petition, return and agreed facts.

■ But we find no agreed statement of facts in the record. Neither is there a brief for the petitioner. His petition counts only on the fatal invalidity of the Juvenile Court's judgment and commitment, except that it alleges, as stated in the third preceding paragraph, assignment 3, that the child was not *in fact* neglected and the judgment of the Juvenile Court was a subterfuge whereby the legal custody of the child was taken away from its father, the petitioner. We cannot consider these issues: because no agreed statement of facts has been filed; no evidence has been introduced; respondents' return controverts these facts; and finally because in any event the writ of habeas corpus is not available to retry issues of fact or law on the merits in the Juvenile Court. The petitioner will be confined to jurisdictional issues. 25 Am. Jur., sec. 28, p. 162; 29 C. J., sec. 19, p. 25; Ex parte Clay, 98 Mo. 578, 583, 11 S. W. 998, 999; Ex parte Buckley, 215 Mo. 93, 99, 114 S. W. 954, 955.

■ This leaves only the question whether the judgment and commitment of the Juvenile Court were void. We are confirmed in that view by a further contention made by the petitioner in this court. He has filed a motion to strike out part of respondents' return tendering issues of fact, in which motion he asserts the *only* question involved

in the proceeding is one of *law*. That question must be the one raised by his challenge of the jurisdictional validity of the judgment and commitment of the Juvenile Court. It is founded on State ex rel. Dew v. Trimble, 306 Mo. 657, 673-4, 269 S. W. 617, 622(2-4), a decision by this court en banc.

In that case a judgment of the Juvenile Court of Jackson County was held void. The Juvenile Court there, as here, was a division of the circuit court. The decision said that although a court may possess general jurisdiction with common law powers, yet where it exercises special statutory powers not within that range its jurisdiction must appear in the record and cannot be presumed. (Citing cases.) On the theory that a division of the circuit court when acting under the juvenile court law, Art. 9, Chap. 56, R. S. 1939, same, Mo. R. S. A., is exercising such special powers, the opinion ruled (italics and parentheses ours):

"According to the record under review, the juvenile court of Jackson county did not find the existence of any specific condition which would have placed the child  .  .  .  within the statutory classification of a 'neglected child,' nor did it find generally that she was a 'neglected child' within the statutory definition thereof. It merely found that (the child) 'is neglected.' The information by which the proceeding was initiated charged 'that she is in the custody of her mother,  .  .  .  who neglects and fails to properly care for said (child).' The court may have used the word 'neglected' in the same sense in which it was used by the informant. But, whether it did or not, its finding of mere neglect, to which nothing can be added by intendment, falls far short of 'destitute or homeless, or abandoned, or dependent upon the public for support,' etc., the conditions specified in the statute. (Sec. 9673, R. S. 1939, Mo. R. S. A., sec. 9673).

.  .  .  .  .  .  .

"As the juvenile court failed to make a finding that the child, .  .  ., was a 'neglected child' within the meaning of that term as defined in the statute, its judgment, under the rulings of this court heretofore referred to, is a nullity."

This decision has been reviewed twice by the St. Louis Court of Appeals: In re Marie Walbridge, 220 Mo. App. 29, 31, 285 S. W. 167; Ex parte Label, supra, 156 S. W. (2d) l. c. 39(3). Both cases point out that the Dew opinion merely held the *judgment* there was void, not the petition or information. We think that construction is correct, without any question. As will be noted above, the concluding paragraph of the opinion based its ruling on ▉ the fact alone that the *finding* of the court supporting its judgment was insufficient. And the other paragraph, first quoted above, says the trial court in that case *may* have used the word "neglected" in the same sense as the *informant* did, but if so, failed to disclose that fact in its finding.

In other words, by plain implication it treated the information, or petition, as sufficient.

The judgment in the Dew case only found the child there was "neglected"—nothing more. The petition, as other parts of the Dew opinion show, alleged that the child was "a neglected child within the meaning of the law;" and that "the mother . . . neglects and fails to properly care for it." The latter clause alone was treated as a sufficient allegation of ultimate fact, in the paragraph of the Dew opinion first quoted above. In the instant case both the petition *and* the judgment recited the child was neglected "within the meaning of the statutes in such case made and provided in this to-wit: that he is neglected by his parents who have failed to provide properly for him." If the allegation in the petition in the Dew case was good certainly the same is true of the petition here. And if the petition was good so were the finding and judgment, which used the same words.

Conceding that restrictive averments could not be supplied by intendment if the Juvenile Court's finding were broader than the statute ["Intendment," 21 Words & Phrases (Perm. Ed.), p. 788] yet the language used is open to reasonable construction. We agree with the holding of the St. Louis Court of Appeals in the Label case, supra, when this record was before it, that the recitals in the finding meant the parents had failed to provide for this child of tender years in such manner and to such extent as made him a neglected child within the meaning of the statute—in other words, destitute or dependent on the public for support. This was enough to give the Juvenile Court jurisdiction of the cause.

Our conclusion does not contravene the Dew case. The opinion there pointed out that the Juvenile Court did not "find *generally* that she was a 'neglected child' within the statutory definition thereof," the implication being that the general finding would have been sufficient if it had been made. Similarly, another decision by the same author construing the Workmen's Compensation Act, held a finding "that there was an accident, as defined by the act," was a finding of ultimate fact and not a mere conclusion of law when other constitutive facts were in evidence. Leilich v. Chevrolet Motor Co., 328 Mo. 112, 120(1), 40 S. W. (2d) 601, 604(2). See also Schulte v. Grand Union Tea & Coffee Co. (St. L. Ct. App.), 43 S. W. (2d) 832, 833(2); and Ex parte Schrier, 328 Mo. 726, 41 S. W. (2d) 178, 179(2). An allegation in a pleading might be construed as a conclusion of law, whereas the same statement in the judgment or decree, after conflicting evidence had been heard, would be regarded as a conclusion of ultimate fact, or at least a conclusion of mixed law and fact. See Jones v. Gt. N. Rd. Co., 12 N. D. 343, 346, 97 N. W. 535, 536; Clark v. C., M. & St. P. Ry. Co., 28 Minn. 69, 71, 9 N. W. 75.

We hold the finding and judgment of the Juvenile Court of the City of St. Louis were valid, and therefore remand the child, Charles Robert Label to respondents. All concur except *Gantt, J.*, absent.