IN THE MATTER OF THE ADOPTION OF DONNIE LEROY WINES, IN-FANT.—239 SW (·2) 101.

Springfield Court of Appeals. April 24, 1951.

*W. R. Foulke* for appellant.

*Dale Tourtelot* for respondents.

McDOWELL, J.—This is an action in adoption. The petition was filed in the Juvenile Division of the Circuit Court of Jasper County, Missouri, August 29, 1949. Answer was filed by the mother September 13, 1949. The trial court appointed William Kelley, guardian ad litem for the minor child, who accepted in writing and filed answer. Judgment was rendered for petitioners decreeing adoption and, from this judgment, the mother of said child has appealed.

The petition was filed by John B. Holden and Lillian Holden, husband and wife, for the adoption of Donnie LeRoy Wines, a minor boy, born in Jasper County, December 31, 1947, and living in Jasper County. It states that Roy A. Wines, father of said minor child, is a resident of Joplin and the mother of said child is Merl Wines, a resident of Joplin.

The petition is then as follows:

"(1) That the father of said child has consented in writing to the adoption of said child, said consent being hereto attached.

"(2) Petitioners further state that the parents, father and mother of said child

"C" Willfully neglected to provide proper care and maintenance for said child for one year last preceding the filing of this petition.

"Your petitioners further state that they reside in the City of Joplin, County of Jasper, State of Missouri, are of good character, have and maintain a home and established household in a reputable neighborhood with the usual advantages of home life and that they are able and willing to properly care for, maintain and educate said child in their own home and as their own child to all legal intents and purposes and that it is fit and proper that this adoption be made. Petitioners further state that they have had the custody of said child since 7-14-48.

"Wherefore petitioners pray that the court grant them permission to adopt said child, and that the court order and decree that said child become and be the child of petitioners by and with the name of John Rogers Holden, and that the Court make such other orders and judgments touching the premises as may seem fit and proper."

Merl Wines, mother of the minor child sought to be adopted, filed an answer denying that she wilfully neglected to provide proper care and maintenance for the child.

The answer affirmatively states that said minor child is under the care of the Juvenile Court; that the mother is now working and making sufficient wages to provide a home for herself and child and is morally a fit person to care for him and asks the court for care and custody thereof.

On November 15, 1949, the court rendered judgment in favor of petitioners. The pertinent part of said judgment is as follows:

"The Court having heretofore taken this cause under advisement and being now fully advised in the premises and the Guardian ad litem herein having recommended that said adoption be made, is satisfied and finds that the said petitioners are of good character and of sufficient ability to properly care for, maintain and educate said child, and that the welfare of said child would be promoted by sustaining said petition, and that it is fit and proper that such adoption be made.

"It is therefore ordered, adjuged and decreed by the Court that the petition for the adoption of said child be sustained and said adoption be made, and that from the date of this decree the said child shall to all legal intents and purposes become and be the child of the said petitioners by and with the name of John Rogers Holden, according to the prayer of petitioners."

We will refer to the respondents herein as petitioners and to the appellant as defendant.

Under points and authorities defendant sets out four assignments of error. Assignment No. I reads as follows:

"Adoption is a creature of the statute and must be strictly complied with. The procedure is placed in the Circuit Court and the procedure there, of course, must prevail as to procedure. In all actions for final determination, there must be a petition. Evidence can only be considered that supports the petition; that is, the court can only consider the complaint of the petition and the evidence offered to prove it. In this case the allegations of the petition have not been proven. Smith v. Smith, 192 S.W. 2d 697; 28 S. W. 2d 437; 285 S. W. 2d 48."

It is needless for us to call attention that the last case cited in support of defendant's contention is not a proper citation.

There can be no doubt that the law of adoption is statutory. There wasn't any contention in the trial that such is not a fact. There is no issue regarding the procedure as being in the Circuit Court and there is no issue about the filing of a petition. We, likewise, find no issue in the case that it is the duty of the court to only consider the complaint in the petition and the evidence to prove it. Therefore, this assignment of error should have been limited to the last sentence which is, "In this case the allegations of the petition have not been proven."

Chapter 453, R. S. Mo. 1949, covers the law of adoption. Section 453.010 provides:

"Any person desiring to adopt another person as his child may petition the juvenile division of the circuit court of the county in which the person seeking to adopt resides, or in which the person sought to be adopted may be, for permission to adopt such person as his child."

We think this section is all the authority defendant needs to cite to comply with the first part of assignment of error No. I.

Under the second clause as to the sufficiency of the evidence to prove the allegations of the petition, we cannot agree with defendant. Briefly, on this point the evidence shows that at the time of the filing of the petition, the petitioners had had the custody of the minor boy in quesion for 14 months; that he had been turned over to them by the juvenile officer under the direction of the court.

The evidence shows that the defendant, mother of this child, had turned him over to her sister, who testified that she was unable to care for him and that she took him to the Juvenile Court. The evidence shows that during this 14 months defendant had not cared for this child, had not supported him or attempted to support him. In fact the evidence shows that the defendant had lived in different hotels and worked in a restaurant and had never actually cared for the child. The testimony also showed she had two other small children of the ages of 3 and 4 years, and never cared for them and

that they, likewise, had been adopted by others. The evidence shows she consented to these adoptions. The evidence is undisputed that the father is worthless, drinks, and never did assist in supporting his family.

We think the testimony abundantly shows that the defendant wilfully neglected to provide the minor child with proper care and maintenance as is required by law. The evidence did show that the mother had been sick, yet it also shows that her sweetheart, during this illness, took her to his home before she was divorced and that she had been frequently going to his home since her recovery and staying there late at night. The evidence shows she was divorced from her husband some months before this trial and the court denied custody of the child to her. Her sister testified that defendant's conduct was bad in her relations with other men and the testimony shows that her general reputation for chastity and virtue was bad.

Defendant's testimony was to the effect that she has employment at a hospital and earns sufficient money to care for herself and child but we think the court was justified in reaching a conclusion that this defendant had wilfully neglected to provide the child with care and maintenance for a period of at least one year prior to the immediate filing of the petition for adoption as provided in Section 453.040 R. S. Mo. 1949.

Under the evidence is this case there can be no question but what the judgment of the trial court was correct in finding that the welfare of the child would be best served by granting the adoption.

The report of the juvenile officer showed that he had been observing this family since 1945; that neighbors and the police had been complaining of the care and treatment of the children. The testimony showed that the mother had gone away leaving the children alone in the house; that they were improperly clothed and fed and were allowed to live in dirty and unsanitary surroundings; that at the time this child was delivered to petitioners it was suffering from malnutrition and had sores on its body which required medical treatment. The testimony showed that when the other children were taken from defendant they were suffering from gonorrhea. We think the record is replete with evidence of the unfitness of defendant to have custody of this child.

Both the petitioner and the juvenile officer testified that the defendant had never offered to care for or support this minor child for the 14 months he had been with the petitioners. He is now in good health and the evidence shows is being well cared for.

The record shows that an investigation of the suitability of the child for adoption and the petitioners as parents had been made as required by Section 453.070 R. S. Mo. 1949, and that a recommendation had been made to the court that the adoption should be made. The testimony shows that the petitioners were good moral people, members of the church and that they were earning sufficient money

to properly support said minor child and to educate him. The father was employed, and had been for 5 years, as a driver for the Crown Coach Bus Lines and earned approximately $75.00 per week. There was no evidence to show the inability or the unfitness of these petitioners to properly support and maintain this child. The record did show they lived in a four room house, for which they had a contract of purchase and were paying for same by installments of $45.00 per month.

We find that the petition contains all of the allegations required under the statute to submit the question of adoption to the court. We find that all of the allegations in the petition were supported by proof and that the trial court did not err in his judgment.

Defendant's second allegation of error states that in the adoption of minor children, welfare of the child is paramount over all else.

Authorities supporting this contention were cited by both parties so there is no contention as to this proposition of law.

The third allegation of error complained of by defendant is another abstract statement of law to the effect that the rights of natural parents are supreme over all others unless the welfare of the child demands a change of the rule.

There is no doubt that the law in Missouri is that the rights of the parents to the care and custody of their children are paramount to that of strangers and that unless their unfitness is shown, the courts will grant the parents the custody of their children. But the evidence in this case clearly justifies the trial court in finding that the mother was unfit and incapable of properly caring for this minor child.

There is another reason why the court, in this case, could not have granted custody to the defendant. She had been deprived the custody of this child in a divorce action and, before the court would have been warranted in placing the custody with her, a motion to modify that judgment necessarily would have to have been made showing changed conditions from those existing at the time of the rendition of the divorce decree. In that decree the court had decreed custody in others and, while such a decree is not permanent, yet the only way it can be changed is by a motion to modify, which was not done in this case.

There is no merit to this assignment of error. In fact, it is not an assignment of error but an abstract statement of law.

Likewise, assignment of error No. IV is an abstract statement of law. However, we have passed upon the proposition of the court's authority when the child is a ward of the court. Children are not property and judgments controlling their welfare are not final. The court can, on a proper showing, always protect the rights of the infant and we think there is no issue here about that matter.

We find that this appeal is without merit. Judgment affirmed. *Vandeventer, P. J.,* and *Blair, J.,* concur.