STATE of Missouri (Plaintiff), Respondent,

v.

WInthy COUCH, James Couch, Kimmy Couch, Garry Couch, Margaret Couch, Nancy Couch, Homer Couch, Walter Couch and Robin Gail Couch, Defendants,

Homer Couch and May Couch, parents of defendants, Appellants.

No. 29298.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Thurman, Nixon & Blackwell, Earl R. Blackwell, Hillsboro, for appellants.

W. H. S. O'Brien, Prosecuting Atty., Irvin D. Emerson, Asst. Prosecuting Atty., Hillsboro, for respondent.

NOAH WEINSTEIN, Special Judge.

This appeal concerns proceedings in the Circuit Court of Jefferson County, Juvenile Division, pursuant to the provisions of Chapter 211 RSMo 1949, V.A.M.S., entitled "Neglected and Delinquent Children—Juvenile Courts". Sections 211.010–211.300, RSMo 1949, are "Provisions Applicable to Class One and Two Counties and the City of St. Louis". Sections 211.310–211.510 RSMo 1949, are "Provisions Applicable to Class Three and Four Counties". "General Provisions" contained in Sections 211.520–211.540 are applicable throughout the State.

Inasmuch as Jefferson County is a county of the third class, juvenile matters are controlled by the provisions of Sections 211.310–211.510 specifically and Sections 211.520–211.540 generally.

Proceedings under Section 211.310–211.510 are instituted by the filing of a complaint with the Prosecuting Attorney by any reputable person, who is a resident of the county, stating that any child in the county appears to be a neglected or delinquent child. Section 211.360 RSMo 1949, V.A. M.S. This statutory provision was satisfied by the filing, on January 8, 1955, of a report and complaint, dated January 6, 1955, by a Child Welfare Worker, which identifies the parents, Homer Couch and May Miller Couch, and their ten minor children by name and date of birth. This complaint refers specifically to the alleged mistreatment of the minor child, Margaret, and to an older minor child, Marilyn, who had been removed from her parents' control. The complaint further charges generally that all of the minor children are neglected as therein specified and singles out the minor child, Walter, as being the subject of

alleged "gross neglect". This complaint then recommends that Margaret be removed from her parents' home and that the two younger children, "suffering from extreme neglect", need to have better care.

■ Section 211.360 RSMo 1949, V.A.M.S., further provides that upon the filing of a complaint as therein provided "the prosecuting attorney shall thereupon file with the clerk of the juvenile court a petition in writing, setting forth the facts and verified by his affidavit. It shall be sufficient that the affidavit be on his information and belief." This provision was satisfied by the filing on January 8, 1955, by the Assistant Prosecuting Attorney of an "Information" duly verified by his affidavit on his information and belief. This petition, styled "Information", alleges that nine minor Couch children therein described by name and age were "neglected children within the meaning of the statute in such case made and provided, in this to-wit: That said defendants are undernourished; that said defendants show signs of extreme physical abuse; that said defendants suffer from depravity and neglect from their parents; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Missouri". In Ex parte Label, Mo.App., 156 S.W.2d 37, this court considered a petition charging neglect under Sections 211.010–211.300. This court held the information there involved to be sufficient:

> "The information in this case charged that the infant was 'neglected within the meaning of the statute in such case made and provided in this to-wit: That he is neglected by his parents who have failed to provide properly for him.'" loc. cit. 38.

See also Label v. Sullivan, 350 Mo. 286, 165 S.W.2d 639; State v. Robertson, Mo. App., 13 S.W.2d 566; Jurisdiction in Neglect Cases under Missouri Juvenile Court Law, 23 University of Kansas City Law Review 257 (1955). Note in this connection that Section 211.380 applicable to the case now being considered gives the Juvenile Court in Class Three and Four Counties jurisdiction in situations where that court is satisfied that a child is in need of the care or discipline and protection of the state, and the Juvenile Court, in addition to finding a child delinquent or neglected, may find a child to be in need of more suitable guardianship. Also Section 211.390 which is likewise applicable to Class Three and Four Counties provides that "When any child coming under the provisions of sections 211.310 to 211.510 shall be adjudged to be neglected or delinquent or *in need of the care or discipline and protection* [emphasis added], the court may make an order committing the child, under such conditions as it may prescribe * * *." Thus it would appear that the jurisdiction of Juvenile Courts in Class Three and Four Counties under Sections 211.310–211.510 may in this particular respect be even broader than that authorized under Sections 211.010–211.300, and in particular Sections 211.010, Par. 2, 211.040 and 211.050.

It is pertinent to the disposition of this appeal to consider the following facts. In the complaint ten minor children of Homer Couch and May Miller Couch are named, although Marilyn is referred to only for the purpose of indicating that she had been removed from her parents and was then with a maternal aunt and uncle. The petition (information) filed by the Assistant Prosecuting Attorney named nine minor Couch children. In comparing the complaint with the petition, we find that the petition does not name Marilyn, probably for the reason that she was not living with her parents. We also note James, who was named in the complaint as having been born on May 17, 1943, which would make him eleven years of age when the complaint was filed on January 8, 1955, does not appear in the petition, but that the name Bill does appear for the first time in the petition, and is described in the petition as being eleven years of age when the petition was filed on January 8, 1955. Also the caption of the case which appears in the transcript names nine Couch children, does not include Marilyn but does include James.

We might well assume that James, age eleven years, and Bill, age eleven years, are one and the same person, but there is no reason to compound neglect in this manner and the record should be corrected to eliminate this error.

After a hearing on the above petition, the following entry under date of January 11, 1955, appears in the record:

"Now on this day this cause coming on for hearing, comes Irvin D. Emerson, Assistant Prosecuting Attorney for the State and comes Homer Couch, father of the children, and Earl Blackwell, attorney for Homer Couch. Case proceeds and the State introduces its evidence and from the information submitted, the Court doth find that Margaret is neglected and has been mistreated and the Court doth Order, Adjudge and Decree that she, Margaret, be removed from her parents' home and placed with the Child Welfare Office of this County, to be placed under its supervision.

"It is further ordered by the Court that the rest of the children be placed under the supervision of the Child Welfare Office. *The question of the rest of the children is taken under advisement.* (Emphasis added).

"It is further ordered by the Court that there be no suspension of these orders by reason of an appeal."

It thus appears that the petition filed as to the nine Couch children was heard at one time, whereupon the above order purporting to find Margaret neglected and "the question of the rest of the children is taken under advisement" was entered, all on January 11, 1955.

On January 21, 1955, "defendants" filed a motion for a new trial which was overruled by the court on February 14, 1955.

On February 21, 1955, a Notice of Appeal was filed asserting that Homer Couch and May Couch, parents of Margaret and four other minor Couch children appeal from the judgment entered on the 15th day of February, 1955. Overlooking what appears to be an inaccurate reference in the Notice of Appeal to the date on which the judgment was entered, it is fairly certain that the Couch parents were attempting to appeal under the provisions of Section 211.410 RSMo. 1949, V.A.M.S. This section provides for an appeal from "any final order or judgment" within sixty days after the entry of said order and may be demanded by either parent. However, the record filed here indicates that the case has not been disposed of as to the eight minor children named in the petition (information) other than Margaret, and although the point was not raised by the parties, we must on our own motion notice whether the appeal is premature. An order or judgment is not final or appealable unless it disposes of all parties and all issues in the cause and leaves nothing for future determination.[1] In this case no final appealable order or judgment has been rendered. The case remains pending and is not disposed of as to eight of the minor children, for as to them the case was taken under advisement by the court. Consequently, this appeal should be dismissed as premature. Huber v. Solon Gershman Realtors, Inc., Mo.App., 263 S.W. 2d 858; 19 M.L.R. 390.

It is so ordered.

ANDERSON, P. J., and MATTHES, J., concur.

1. We are not here concerned with an order under Sec. 510.180, Par. 2, RSMo 1949, and 42 V.A.M.S. Supreme Court Rule 3.29, since no attempt was made by the court below to try the issues separately as to the nine minor children, nor are we called upon to determine whether or not such procedure would be appropriate under the circumstances now before us.