William Paul YOUNG and Marian L. Young (Plaintiffs), Respondents,

v.

George R. RAUPP and Gladys E. Raupp, d/b/a Raupp Realty Company (Defendants), Appellants,

and

Virgil L. Cauthon and Helen L. Cauthon, Defendants.

No. 22591.

Kansas City Court of Appeals.

Missouri.

May 6, 1957.

Jack G. Beamer, Stubbs, McKenzie, Williams & Merrick, Kansas City, for appellants.

James L. McMullin, Kansas City, for respondents.

CAVE, Judge.

Plaintiffs' petition is in two counts. The first count alleges that on August 10, 1954, defendants Raupp entered into a written contract with plaintiffs to sell them a certain vacant lot located in Jackson County, Missouri, for an agreed price; that on August 25th of the same year, said de-

fendants wrongfully, wilfully and fraudulently conveyed said lot to the defendants Cauthon, thereby breaching their contract with the plaintiffs, and prayed for specific performance of the contract and for $1000 actual damages and $10,000 punitive damages. The second count incorporated the allegations of the first count, and alleged that defendants Cauthon conspired with the defendants Raupp to breach plaintiffs' contract and defraud them of their rights thereunder; that defendants Cauthon were not purchasers in good faith without notice of plaintiffs' contract; and prayed that the deed from Raupp to Cauthon be set aside, and that plaintiffs be awarded $1000 actual damages and $10,000 punitive damages.

The sufficiency of the petition was not questioned and for our present purposes it will be considered good.

The cause was tried to the court without a jury, resulting in a general judgment for plaintiffs and against George R. Raupp and Gladys Raupp in the sum of $500, without specifying upon which count the judgment was entered and without making any finding or disposition of the cause of action against defendants Cauthon. Defendants Raupp filed motion for new trial which was overruled, and they perfected their appeal.

While the issue has not been raised by the parties, it becomes our duty to determine whether a final appealable judgment has been entered in the cause. If not, the appeal is premature and must be dismissed. For the purpose of appeal, a judgment must be a final judgment, and it must ordinarily dispose of all parties and all issues in the case. Section 512.020 RS 1949, V.A.M.S.; Deeds v. Foster, Mo.Sup., 235 S.W.2d 262, 265; Dyer v. Martin Loan and Finance Co., Mo.App., 281 S.W.2d 633; State v. Couch, Mo.App., 285 S.W.2d 42. This rule applies except for separate final judgments expressly ordered under Supreme Court Rule 3.29, 42 V.A.M.S. That

was not done in this case, and the judgment did not dispose of all parties and all issues.

Under such circumstances, the appeal of defendants Raupp is premature and must be dismissed. A judgment should be entered disposing, in some manner, of all issues and all parties.

The appeal is dismissed.

All concur.