**Annabelle Carlisle CANTRELL,
Plaintiff-Appellant,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY OF DALLAS, TEXAS, Max W. Lilley and Southwest Enterprises, Inc., Defendants,**

**Charles A. Parrish and Helen E. Parrish,
Defendants-Respondents.**

**No. 51374.**

Supreme Court of Missouri,
Division No. 2.

Jan. 10, 1966.

E. Mitchell Hough, David W. Bernhardt, Bussell, Hough & Greene, Springfield, for appellant.

Emerson Foulke, Joplin, for respondents.

BARRETT, Commissioner.

The plaintiff-appellant, Annabelle Carlisle Cantrell, was the owner of the Elms Motel at 7th Street and Range Line in Joplin. On the 28th day of April 1961, she entered into a "Contract For The Sale Of Realty" by which she sold the motel property to Charles A. and Helen E. Parrish. In

brief the terms of the sale were that the Parrishes were to pay $600 upon the signing of the contract, $11,198.84 indebtedness of the seller to four banks, her personal debts and taxes of $1133.47, all of which together with the sum to be paid on delivery of the deed was to total $85,000, and thereafter the purchasers were to pay the seller $1000 a month for 25 years. On June 28, 1961, the buyers and the seller entered into an "Amendment" to the original contract of sale which, after numerous recitals, provided that "it is the intent and purpose of Seller to release said property from all liens or encumbrances, if any, which she may hold or have thereon by reason of her former ownership," and then there was the further recital that the Parrishes had conveyed the property to Southwest Enterprises, Inc., which was to "become a party to the original instrument." By another part of the amended agreement the seller agreed to and accepted from the purchasers an unsecured note in the sum of $300,000 payable in monthly installments of $1000 for a period of 25 years. Thereafter, as it appears from the pleadings, Southwest Enterprises by deed of trust transferred the property to Max W. Lilley, trustee, to secure a principal indebtedness of $440,000 to the Republic National Life Insurance Company.

In these briefly narrated circumstances the appellant-seller Cantrell, on December 19, 1963, instituted this action in one count, in thirteen separately numbered paragraphs, against Republic National Life Insurance Company of Dallas, Texas, Max W. Lilley, trustee, Southwest Enterprises, Inc., and Charles A. and Helen E. Parrish. The petition set out the above noted facts but alleged that all the parties had knowledge of the terms of the original sales contract and of the fact that all the "purchase money" had not been paid and "with full knowledge that the plaintiff was looking to the land for security for such unpaid purchase money." She alleged that out of these circumstances she had a "special vendor's lien arising from the conveyance of

this land" which the parties defendant all refused to recognize. She then alleged the existence of a controversy between the parties with respect to their rights and liabilities under the various contracts and conveyances and again asserted the substance of her several contentions as well as further pleading for the first time fraud and the invalidity of one or more of the documents involved in the transaction. In conclusion the prayer of her petition was for a declaration of rights and particularly for a finding that she had "a special vendor's lien on the premises" to secure $290,-725. She asked for a money judgment against the Parrishes for the balance due under the original contract and finally that "the Court declare that said lien be first in priority to all other claims of the defendants herein; and that the same attach to and constitute an equitable charge upon and against said land" and that the land be sold to satisfy her claim.

In response to this petition the respondent-Parrishes filed an answer in which they admitted certain paragraphs of the petition, as to others they professed a lack of sufficient knowledge and finally in paragraph nine they pleaded in defense of the claim for a judgment of $290,725 that on January 18, 1963, "the plaintiff executed and delivered to these defendants her release for a valuable consideration by the terms of which she did release and discharge" the defendant-Parrishes.

Defendants Republic National Life Insurance Company, Max W. Lilley and Southwest Enterprises filed a motion for costs, a motion to strike certain paragraphs of the petition and a motion to dismiss plaintiff's petition "upon the ground that said petition fails to state a claim upon which relief can be granted."

In October 1964 the Parrishes, alone upon the pleadings and attached contracts and documents, moved for summary judgment under Civil Rule 74.04, V.A.M.R.

Following this motion there is next in sequence in the transcript a minute from

either the clerk's records or the court's minutes which "ordered and adjudged" that the motion to dismiss by Republic National Life, Lilley and Southwest Enterprises is "sustained," and that these parties "be discharged and go hence hereof without day." In this entry it is further ordered that the dismissal of plaintiff's petition as to these particular defendants *"shall be final and with prejudice to plaintiff unless plaintiff shall file an amended petition on or before 30 days from this date."*

On the basis of all these noted motions there was on January 20, 1965, an over-all "Judgment Entry." It is not necessary to set that document out in full, in substance it recites that the Parrishes' motion for a summary judgment "shall be and is hereby sustained" and that they were "entitled to have judgment rendered herein in their favor as a matter of law." The court found the release valid and denied plaintiff's claim for a money judgment against the Parrishes. The court also found that plaintiff Cantrell "has no lien of any kind" against the motel property.

At this stage in the proceedings the plaintiff Cantrell filed a motion for a new trial directed almost entirely to the rendition of the summary judgment. That motion was overruled but in the order disposing of it *"the plaintiff is granted until on or before 10 days from February 19, 1965 to file amended petition as to defendants Republic National Life Insurance Company and Southwest Enterprises."*

Then on February 17, 1965, there was another "Judgment Entry" (probably an amended entry). This order again sustains the Parrishes' motion for summary judgment and declares the rights of the parties upon the pleadings and accompanying documents and concludes by denying plaintiff's "special vendor's lien first in priority as to the claims" of the Parrishes.

On February 25, 1965, the plaintiff filed her notice of appeal *"from the judgment entered in this action for defendants Charles A. Parrish and Helen E. Parrish against plaintiff on the 17th day of February 1965."*

The pleading is not captioned but the next matter in the transcript, which incidentally has been approved by counsel for plaintiff and for the Parrishes, is a "First Amended Petition" filed on February 26, 1965. As stated, there is no caption, but according to the allegations in the petition the parties, including Charles and Helen Parrish, are identical to the parties in the original petition, the same facts and relationships are set forth, the same documents are all attached as exhibits and in substance the allegations and prayer are the same except that this time there is a more direct charge of fraud and that consequently some of the documents were either void or constituted conditions precedent to the release of her "special vendor's lien." But in the end she again prays for a declaratory judgment, particularly for "a special vendor's lien," for a money judgment against the Parrishes and finally that her claim of a lien "first in priority" be enforced.

To this new and amended petition the Parrishes on March 5, 1965, filed a motion to dismiss, one of the grounds being that by reason of her notice of appeal on February 24, 1965, "this court lost jurisdiction over these defendants," the theory being that her notice of appeal vested jurisdiction in this court. And while the pleadings are not captioned, on March 8, 1965, there was filed a motion for costs and a motion to dismiss plaintiff's petition because it "fails to state a claim upon which relief can be granted." It is assumed that these latter pleadings or motions were filed by Republic National Life Insurance Company, Lilley and Southwest Enterprises. The latter parties, while listed on the cover of the transcript as defendant-respondents, are not in fact parties to this appeal, have made no formal appearance in this court and the appellant asks no relief as to them.

In this background and upon this record the respondent-Parrishes have filed a motion to dismiss the appeal from the reason

that "the judgment appealed from is not a final judgment, and is therefore not appealable because it fails to dispose of all the issues in the cause and does not adjudicate the rights of all the parties." In short, it is urged that upon this record, under the applicable statute and rules (RSMo 1959, § 512.020, V.A.M.S.; Civil Rules 82.04–82.06), the judgment which the plaintiff has designated in her notice is not a final appealable judgment and that therefore the appeal should be dismissed.

■ Since, as it now appears, the precise problem presented by this record has not heretofore been considered, the background circumstances have been set forth in laborious detail. The appellant, while recognizing the general rule which requires the dismissal of premature appeals, appeals in which all the parties or all the issues have not been finally adjudicated (Scheid v. Pinkham, Mo., 395 S.W.2d 166; Beuttenmuller v. Vess Bottling Co., Mo., 395 S.W. 2d 204; McDaniel v. Lovelace, Mo.App., 392 S.W.2d 422), contends that there are "recognized exceptions" and that this case falls within the exceptions. In support of her position she cites the single authority, Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, a suit by a divorcee against her former husband. The action was in five separate counts and asked (1) for a half-interest in land on the theory of a resulting trust, (2) for partition, (3) damages for breach of promise of marriage, (4) actual and punitive damages for assault and battery, and (5) to set aside a conveyance of the land by the husband to an aunt and uncle. The court tried and entered judgment on counts 1, 2 and 5, the plaintiff filed a motion for a new trial and appealed from the judgment finally entered on these counts. Counts 3 and 4 were not adjudicated and there was no express order of trial of separate issues, nevertheless, the court did not dismiss the appeal, saying, in part, "considering the record as a whole, it is apparent that only one judgment was intended to dispose of these three counts and that such judgment was intended as a judgment separate and apart

from any relief that might thereafter be given on the two remaining counts." And so, all matters considered, the judgment appealed from was "construed as an order for a separate judgment within the meaning" of Rule 82.06 and therefore was final and appealable. And, ordinarily, nothing more appearing, an order dismissing a petition for failure to state a cause of action is a final appealable order "unless the trial court shall otherwise specify." Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 911.

The appellant points to the amended judgment of February 17, 1965, and says that the court in fact adjudged that plaintiff's amended contract constituted a valid waiver *"of any and all claims of plaintiff to a lien or encumbrance* upon the real estate described in the petition for the unpaid purchase price thereof." The court specifically denied plaintiff's claim to a money judgment against the Parrishes. All in all, therefore, she says that although other parties with other issues are yet in the case "there is as a practical matter nothing to be determined" as between her and the Parrishes. And in this connection it is said that if the court had intended the judgment as interlocutory it could and should have done so unequivocally.

In the first place the problem here is not alone a failure to dispose of all parties, and as far as the immediate parties are concerned at least some of the issues are separable if not entirely independent and perhaps final. But in addition to the problem of parties, the question here is one of disposing of all issues—even interrelated issues. And the January record entry dismissing the action recites that the order "shall be final and with prejudice to plaintiff *unless plaintiff shall file an amended petition on or before 30 days from this date."* On the same day the amended judgment was made a matter of record, February 17, 1965, the agreed to transcript recites that plaintiff's motion for a new trial on the motion for summary judgment was refiled and overruled and that she was given 10 days in which *"to file amended petition*

**616**

as to defendants Republic National Life Insurance Company and Southwest Enterprises."

■■■ Whether pursuant to the underscored sections of the various orders or not, the plaintiff-appellant has filed an amended petition and the facts alleged and the relief sought, while perhaps in more detail, make essentially the same allegations as were set forth in her original petition. As indicated in narrating the record, the caption of the amended petition is omitted, but obviously and whether included in the order permitting the filing of an amended petition or not the Parrishes are parties to the newly stated action and virtually the same relief is again sought. The Parrishes have responded with a motion to dismiss in which they advance three reasons and that motion, and for that the case, is pending and undisposed of as to these immediate parties to this appeal as well as to the newly alleged issues. In short, lest further attempt at demonstration indicate an opinion upon some phase of the merits of either the appeal or the pending action, interrelated issues as well as parties have not been finally disposed of and as respondents suggest "If appellant is unable to prevail in her pending action against the two corporate defendants, she can then appeal as to these respondents." And, it may be interpolated, since this is a court-tried equity suit the entire cause will be reviewable anew upon its merits in this court. Civil Rule 73.01(d); RSMo 1959, § 512.310, V.A.M.S. While there are no precisely similar records the following cases support the conclusion that the appeal in this case is premature and should therefore be dismissed. Bailey v. Williams, Mo., 326 S.W.2d 115, 120; Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597; White v. Sievers, 359 Mo. 145, 221 S.W.2d 118; Young v. Raupp, Mo.App., 301 S.W.2d 873.

For the indicated reasons the appeal is dismissed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.