**George S. WILE and Retta Y. Akers Wile, Plaintiffs-Respondents,**

v.

**Marie E. DONOVAN and Jack Donovan, Defendants-Appellants.**

No. 9649.

Missouri Court of Appeals, Springfield District.

Sept. 19, 1974.

John M. Belisle, Morran D. Harris, Osceola, for defendants-appellants.

David H. Jackson, Osceola, for plaintiffs-respondents.

PER CURIAM:

The defendants in this action are Marie Donovan and her son, Jack Donovan. The failure of the judgment to dispose of the issues between the plaintiffs and defendant Jack Donovan necessitates a dismissal of this appeal because of its prematurity.

The first amended petition, upon which this non-jury action was tried, alleged, among other things, that on May 15, 1970, the two plaintiffs were owners of certain real estate in St. Clair County; that on said date, by a warranty deed absolute on its face, plaintiffs conveyed the title to said real estate to the defendant Marie Donovan; that "at the time of said conveyance the plaintiff [sic] was endebted to the defendants in the sum of approximately $15,000.00"; that said deed "was made for the purpose of securing said debt to the defendants and was accepted by the defendants by way of security and not otherwise"; that "at the time of the execution of said deed, it was agreed by and between the plaintiff [sic] and the defendants that upon payment of said debt, the defendants would reconvey said real estate to the plaintiff [sic]"; that prior to the date for payment of said debt, "plaintiffs were ready and able and willing to pay said debt and requested of defendants the correct balance of said indebtedness . . . but defendants refused" to furnish said information and refused to reconvey the land. The petition included a tender of the amount due "defendants."

The petition prayed for a decree declaring the warranty deed to be a mortgage and requested other equitable relief.

The separate answer of defendant Jack Donovan denied most of the quoted allega-

tions of the petition and requested a dismissal of the action with respect to him.

Following the trial the court entered its "findings and judgment decree" which, in general, resolved the issues in favor of plaintiffs and against defendant Marie Donovan. However, the decree did not grant plaintiffs any relief against defendant Jack Donovan, nor did it discharge defendant Jack Donovan from any liability to the plaintiffs.

■ In Starnes v. Aetna Casualty and Surety Company, 503 S.W.2d 129, 130 [1] (Mo.App.1973), this court, with citation of authorities, stated the following familiar principles: " 'The right of appeal shall be as provided by law' . . . i. e., the right to appeal is purely statutory. . . . To be ripe for appeal, a judgment must finally dispose of all issues raised by the pleadings . . . and it is the duty of an appellate court, sua sponte if not otherwise, to determine if a final appealable judgment has been rendered before it undertakes to consider the matter on its merits. . . . "

In the Starnes case the appeal was dismissed for the reason "other issues, especially those contained in Count IV and the stipulation of facts relative thereto, were ignored by the judgment and left wholly undetermined." Starnes, supra, 503 S.W. 2d at 131 [6].

In Young v. Raupp, 301 S.W.2d 873 (Mo.App.1957), the appeal was dismissed for prematurity. The judgment in the Young case did not make "any finding or disposition of the cause of action against defendants Cauthon". Young v. Raupp, supra, 301 S.W.2d at 874 [1, 2]. On the same page the court said: "For the purpose of appeal, a judgment must be a final judgment, and it must ordinarily dispose of all parties and all issues in the case. Section 512.020 RS 1949, V.A.M.S.; Deeds v. Foster, Mo., 235 S.W.2d 262, 265; Dyer v. Martin Loan and Finance Co., Mo.App., 281 S.W.2d 633; State v. Couch, Mo.App., 285 S.W.2d 42."

Similarly, in Strawhun v. Farrar, 296 S. W. 191 (Mo.App.1927), the court refused to treat a judgment as a final one because the judgment did not dispose of the controversy as to a certain defendant, one Benjamin Strawhun. See also Cantrell v. Republic National Life Insurance Company of Dallas, Texas, 397 S.W.2d 612, 616 [2, 3] (Mo.1966).

As stated in Young v. Raupp, supra, 301 S.W.2d at 874 [1, 2], "[a] judgment should be entered disposing, in some manner, of all issues and all parties".

The appeal is dismissed.

All concur.