George S. WILE and Retta Y. Akers Wile, Plaintiffs-Respondents,

v.

Marie D. DONOVAN and Jack Donovan, Defendants-Appellants.

No. 9941.

Missouri Court of Appeals, Springfield District.

Jan. 26, 1976.

William D. Hamblin, Brooks & Hamblin, Chartered, Overland Park, Kan., for plaintiffs-respondents.

John M. Belisle, Morran D. Harris, Osceola, for defendants-appellants.

PER CURIAM:

The appeal in *Wile v. Donovan,* 514 S.W.2d 177 (Mo.App.1974) was dismissed for "failure of the judgment [entered September 24, 1973] to dispose of the issues between the plaintiffs and defendant Jack Donovan." Thereafter the parties repaired to the circuit court, plaintiffs filed a motion for leave "to Dismiss their cause of action against Defendant Jack Donovan," and the court obliged via order filed January 30, 1975 (dated January 20, 1975), dismissing the cause "against Defendant Jack Donovan . . . without prejudice." No new judgment was entered. In spite of the dismissal order, both defendants on January 31, 1975, filed a notice of appeal "from the findings and judgment entered in said cause on the 24th day of September, 1973, and on the 20th [sic] day of January, 1975."

In the instant case the trial court's dismissal order entered January 30, 1975, did not constitute a final judgment in the case nor a special order after final judgment from which an appeal is allowable under § 512.020, V.A.M.S., and the order was "not transmogrified into a final judgment by being cognominated . . . as a 'judgment' in [defendants'] notice of appeal." *Williams v. Williams,* 480 S.W.2d 525, 527 (Mo.App.1972). Of course, if the September 24, 1973 "judgment" was not a final judgment from which an appeal would lie (as so held in *Wile v. Donovan,* supra), a purported second appeal therefrom would not serve to change its spots or heal its deficiencies.

Plaintiffs have filed with us a motion for leave to file in the present case what purports to be a "Final Findings and Judgment Decree" entered by the trial court on January 16, 1976. But that judgment, if it be a final appealable judgment, will not aid or cure the judgment and order from which the present appeal is taken.

Plaintiffs' motion is overruled and the appeal herein is dismissed.

All concur.