Albert J. BOLIN et al., Appellants,

v.

**FARMERS ALLIANCE MUTUAL INSURANCE CO., a corporation, Respondent.**

No. 59647.

Supreme Court of Missouri, En Banc.

May 10, 1977.

Paul McGhee, McGhee & McGhee, Dexter, for appellants.

Robert A. Wulff, St. Louis, for respondent.

FINCH, Judge.

This is a suit on a trip accidental death insurance policy issued on the life of Alma Mae Bolin on May 31, 1974. Following the accidental death of the insured on June 1, 1974, suit was brought by the heirs at law and the personal representative of Alma Mae Bolin (hereinafter plaintiffs) against Farmers Alliance Mutual Insurance Co., the company which issued the policy, and Marilyn Abernathy, a friend of the insured who is designated in the policy as beneficiary.

The trial court rendered summary judgment in favor of Farmers on March 21, 1975. On March 25, 1975, the court sustained without prejudice Marilyn Abernathy's motion to dismiss as to her. Subsequently, on April 21, 1975, plaintiffs filed their notice of appeal from the summary judgment entered on March 21, 1975. The court of appeals, Springfield district, dismissed that appeal on the basis that said judgment, not having made any finding or disposition of the case against defendant Abernathy, did not finally dispose of all the parties and issues and was not a final judgment from which an appeal would lie. On application, we ordered the case transferred and we now decide it as though here on direct appeal. Mo.Const. art. V, § 10.

Plaintiffs first sought suit against only Farmers. It alleged (1) issuance by Farmers of a policy of insurance whereby it insured the life of Alma Mae Bolin for $50,000 if through accidental means she received injuries which resulted in her death, (2) the death of Alma Mae Bolin from such causes during the term of the policy, (3) that plaintiffs were entitled as next of kin and personal representative to the proceeds of the policy and (4) that payment had not been made although proof of loss had been furnished.

In answers to requests for admissions, plaintiffs admitted that the policy sued upon listed Marilyn Abernathy as beneficiary.[1] Farmers then filed a motion for summary judgment, alleging that the beneficiary listed in the policy was Marilyn Abernathy, the effect of which is that under the policy provision relating to the payment of claims, plaintiffs are not entitled to the proceeds of the policy and are precluded from maintaining this cause of action.[2]

Before the motion for summary judgment was acted upon, plaintiffs obtained leave to and actually filed an amended petition wherein Marilyn Abernathy was added as an additional defendant. The amended petition, in addition to allegations substantially the same as those in the original petition, alleged that Marilyn Abernathy had no insurable interest in the life of Alma Mae Bolin, that her designation as beneficiary was not effective and that she was not entitled to the proceeds of the policy. It stated further that Farmers knew when it issued the policy that Marilyn Abernathy had no insurable interest, that it negligently issued the policy, and that it was estopped from refusing to pay the benefits provided by the policy. Finally, the amended petition alleged that Marilyn Abernathy

obtained the policy at the instance and request of Alma Mae Bolin and that she had directions from Alma Mae Bolin to name plaintiffs as beneficiaries in said policy. It asked for judgment against Farmers for the amount of the policy, plus interest, and sought a declaration that Marilyn Abernathy had no interest in the proceeds of the policy.

After the amended petition was filed, defendant Abernathy, on December 17, 1974, filed a special entry of appearance and moved to dismiss plaintiffs' petition as to her for failure to state a claim against her on which relief could be granted and also for the reason that the petition improperly united several claims.

Meanwhile, Farmers refiled its motion for summary judgment and on March 21, 1975, the court sustained that motion and entered judgment against plaintiffs and in favor of defendant Farmers. The judgment stated that "This judgment shall not affect the rights, if any, of defendant Marilyn Abernathy".

Four days later, on March 25, 1975, the court entered this order:

"Motion of Defendant Marilyn Abernathy to dismiss is hereby sustained and said cause is hereby dismissed as to Defendant Abernathy and said dismissal is without prejudice as to any rights between plaintiffs and Defendant Abernathy."

In deciding *sua sponte* to dismiss the appeal herein as premature, the court of appeals relied primarily on its decisions in *Wile v. Donovan,* 514 S.W.2d 177 (Mo.App. 1974) and *Wile v. Donovan,* 532 S.W.2d 891 (Mo.App.1976). In *Wile I* plaintiffs sued Marie Donovan and Jack Donovan in an action wherein they sought to have a warranty deed declared to be a mortgage and

---

**1.** Plaintiffs' answers also recited that Marilyn Abernathy, the beneficiary named in the policy, did not have an insurable interest in the life of Alma Mae Bolin and that said policy erroneously named Marilyn Abernathy as beneficiary instead of naming plaintiffs as beneficiaries.

**2.** The policy provision referred to is captioned "Payment of Claims" and provides as follows:

"Indemnity for loss of life will be payable in accordance with the beneficiary designation and the provisions respecting such payment which may be prescribed herein and effective at the time of payment. If no such designation or provision is then effective, such indemnity shall be payable to the estate of the Insured. * * *"

then to have the property reconveyed to them upon tender of the amount due. The trial court entered a decree which resolved the issues in favor of plaintiffs and against Marie Donovan but did not grant plaintiffs any relief as against Jack Donovan nor did it discharge him from liability to plaintiffs. On appeal the court of appeals held that the judgment did not dispose of all parties and all issues and was not a final judgment in the case. The appeal was dismissed as premature.

On remand to the circuit court, the plaintiffs filed a motion to dismiss their cause of action against Jack Donovan. The motion was sustained and the case against Jack Donovan was dismissed without prejudice. No new judgment was entered and there was no order or judgment which made reference to the prior judgment entered against Marie Donovan. A new notice of appeal was filed which recited that it was from the findings and judgment entered September 24, 1973, (the judgment against Marie Donovan) and January 30, 1975, (the date of the order of dismissal as to Jack Donovan). The court in *Wile II* again dismissed the appeal as premature. It held that the dismissal order was not a final judgment and that the judgment of September 23, 1973, still did not constitute a final appealable order. It is obvious that the court of appeals concluded that a judgment or order fully disposing of issues in the case as to only one of the two defendants in a case, followed subsequently by an order of dismissal without prejudice as to the other defendant, did not result in a final judgment in the case. The opinion did not indicate what else would have been necessary for there to have been a final judgment.[3]

After the court of appeals rendered its opinion herein, both plaintiffs and Farmers sought a rehearing in which they would have an opportunity to brief the question of whether there was a final appealable judg-

ment. Both requests were denied. Plaintiffs then sought a transfer and we concluded that the question merited further consideration.

In this court supplemental briefs have been filed. Both sides argue strenuously that the circuit court disposed of this case as to all parties and issues and that there was a final judgment. However, after considering the briefs filed and the cases therein cited, we have concluded, for reasons which follow, that there was not a final judgment and that the case must be dismissed as premature.

The right of appeal is purely statutory. *Dudeck v. Ellis,* 376 S.W.2d 197, 204 (Mo.1964). Sec. 512.020 RSMo 1969 governs who may appeal a case from the trial court and when. Insofar as pertinent here, it provides that any aggrieved party may appeal "from any final judgment in the case". In deciding what constitutes a final judgment, our courts have stated repeatedly "that, since an appeal must be from a final judgment (with specified exceptions), the trial court must have disposed of all issues and all parties". *Spires v. Edgar,* 513 S.W.2d 372, 373 (Mo. banc 1974). This requirement that all issues and all parties have been disposed of is for the purpose of avoiding piecemeal presentation of cases on appeal, except where specifically so authorized. *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597, 599 (1953).

The amended petition in this case listed as plaintiffs the personal representative and the heirs at law of Alma Mae Bolin. Defendants were Farmers and Marilyn Abernathy. The issue as between plaintiffs and Farmers was whether plaintiffs should recover $50,000, the policy amount, plus interest. As to Marilyn Abernathy, the suit sought a declaration that, although named in the policy as beneficiary, Abernathy had no right, title or interest in the proceeds of the policy sued upon. Various grounds for such a result, such as a lack of an insurable

---

**3.** It is of interest to note that on a third appeal in that case from a judgment which the court considered to be a final appealable judgment, the court disposed of the case on the merits.

The opinion does not set out what form that judgment took. *Wile v. Donovan,* 538 S.W.2d 906 (Mo.App.1976).

interest and a violation by Abernathy of instructions from the insured to have plaintiffs named as beneficiaries, were alleged.

The trial court made two entries of record whereby these issues and these parties were disposed of in this case. The first was the order of March 21, 1975, which provided as follows:

> "Motion for summary judgment filed on behalf of defendant Farmers Alliance Mutual Insurance Company as against plaintiffs is hereby sustained and judgment in favor of defendant Farmers Alliance Mutual Insurance Company is entered as against said plaintiffs and the cost of this action is taxed against plaintiffs. This judgment shall not affect the rights, if any, of defendant Marilyn Abernathy."

Whether denominated an order or a judgment, this action by the trial court undertook to resolve the issue between plaintiffs and Farmers as to whether plaintiffs were entitled to judgment against Farmers on the policy. It settled that issue by sustaining Farmers' motion for summary judgment on plaintiffs' petition and by taxing costs of the action against plaintiffs. It did not undertake to resolve issues as between plaintiffs and Abernathy and specifically recited that it was not to affect the rights, if any, of Marilyn Abernathy. Hence, this entry did not dispose of all issues and all parties in the case and was not a final judgment. The fact that it was not treated as a final judgment at the time is shown by the fact that the court on March 25, 1975, acted to dispose of the case as against Marilyn Abernathy. Hence, the summary judgment directed by the court necessarily was an interlocutory judgment or order. *Barlow v. Scott*, 85 S.W.2d 504, 519 (Mo.1935). This meant that the court continued to have the right at any time, so long as the order remained interlocutory, to add to, amend or set aside that order. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969).

The second entry made by the court with reference to disposing of issues or parties in the case was the order of dismissal dated March 25, 1975, whereby the case was dismissed without prejudice as to Marilyn Abernathy. That order did not undertake to adjudicate the rights as between plaintiffs and Abernathy as to the accidental death policy or the proceeds thereof. (It recited that it was "without prejudice as to any rights between plaintiffs and defendant Abernathy".) However, it did eliminate from that suit the controversy between plaintiffs and Abernathy and dismissed her as a party in the case. It did not purport to do anything else.

After the order of dismissal as to Abernathy was made on March 25, 1975, the court had made disposition of all issues and all parties in the case. Both plaintiffs and Farmers would have us hold that this meant there was a final judgment and that we should go on to resolve the case on the merits. The problem we face is that the trial court, in resolving the issues between plaintiffs and Farmers, did so by an order which, as we have noted, was interlocutory at the time it was entered. Thereafter, the court made no order and entered no judgment which indicated an intention to or which had the effect of converting what had been an interlocutory judgment or order into a final judgment in the case. Until that was done, the March 21, 1975, order remained subject to change by the trial court at any time.

■ It is arguable, as plaintiffs contend, that when the trial court entered summary judgment for Farmers in plaintiffs' suit to recover on the policy, thereby determining that plaintiffs could not recover on the policy at all, the issues as between plaintiffs and Abernathy became moot and plaintiffs' cause of action against Abernathy was moot. If that argument is accepted, the summary judgment could be said to be a final appealable judgment. Likewise, it is arguable, as all parties to this appeal contend, that when the trial court, after entering the interlocutory order covering issues between plaintiffs and Farmers, then disposed of the remaining issues and parties by dismissing the case without prejudice as to Marilyn Abernathy, the in-

terlocutory order or judgment was transformed as a matter of law into a final appealable judgment. There are cases which seem to support such a result. We perhaps could adopt one of these positions but to do that means that when an appellate court gets a transcript which contains nothing which purports to be a final judgment it must then search the record to determine, if possible, whether what the court did on various occasions amounts collectively to a final judgment. Such approach presents, for the appellate court, the kinds of problems and difficulties which have been encountered in those cases wherein the court, in order to establish jurisdiction, has had to search the record and then grapple with whether the case involved construction of constitutional provisions or mere application of established constitutional principles. That, we conclude, is not desirable. The transcript on appeal should contain a final judgment, plainly constituting such. We should not approve an approach which makes it necessary for the appellate court to decide whether a resolution of the case as to one defendant makes the case moot as to the other, or which makes it necessary for the appellate court to piece and tack together various parts of the record, none of which purport to be a final judgment, and conclude therefrom that collectively they amount to a final judgment. This is not to say that a final judgment must have physically incorporated therein everything necessary to a conclusion that the court by this judgment has disposed of all issues and all parties. For example, if, in the order made March 25, 1975, whereby the case was dismissed without prejudice as to Marilyn Abernathy, the entry had gone on to recite that with this dismissal as to Abernathy, the court had now by its orders disposed of all issues and all parties and the interlocutory order granting summary judgment in favor of Farmers, entered March 21, 1975, was now made final and incorporated by reference,

there clearly would have been a final appealable judgment. See 49 C.J.S. Judgments § 65 (1947), wherein it is stated: "The entry of an interlocutory decree followed by the entry of a decree rendering the former final does not violate the rule [that requires a single final judgment]." [4]

In oral argument of this case, counsel stated that there are two other cases pending involving this same policy of insurance. One was described as a suit by Abernathy against Farmers in which plaintiffs have intervened. The nature of the other suit was not disclosed. We do not know the status of those cases but perhaps on remand of this case, the parties can avoid multiple suits by choosing one vehicle in which this entire three-sided controversy can be resolved in one case.

Appeal dismissed.

SEILER, C. J., and MORGAN, BARDGETT, HENLEY, and DONNELLY, JJ., concur.

RENDLEN, J., not participating because not a member of Court when cause submitted.

---

4. Of course, there would have been no problem if the court on the same day had entered in a single judgment the summary judgment as entered March 21, 1975, and the order of dismiss-

al as entered on March 25, 1975. *Newdiger v. Kansas City,* 342 Mo. 252, 114 S.W.2d 1047, 1048, 1054 (1937).