FIRST NATIONAL BANK AND TRUST COMPANY OF JOPLIN, Executor of the Estate of Gertrude M. Hemphill, Deceased, Plaintiff-Appellant,

v.

Jeannette Kay PITTOCK and John William Gardner, Executor of the Estate of Mary Loomis Gibson, Deceased, and State Farm Mutual Automobile Insurance Company, Defendants-Respondents.

Nos. 10980 and 11008.

Missouri Court of Appeals, Springfield District, En Banc.

Sept. 25, 1978.

William H. Burden, Jr., Joplin, for plaintiff-appellant.

Karl W. Blanchard, Joplin, for defendant-respondent John William Gardner.

David W. Bernhardt, Springfield, for defendant-respondent State Farm Mut. Auto. Ins. Co.

PER CURIAM:

These appeals stem from a suit for the alleged wrongful death of Gertrude M. Hemphill. Plaintiff's decedent was a passenger in an auto being operated by Mary Loomis Gibson which collided with another auto driven by defendant Jeannette Kay Pittock. Defendant State Farm Mutual Automobile Insurance Company was the purported insurer of Mary Loomis Gibson, deceased. Plaintiff directed one count of the three count petition respectively to defendants Jeannette Kay Pittock; John William Gardner, executor of the estate of Mary Loomis Gibson, deceased; and State Farm Mutual Automobile Insurance Company.

Thereafter, on February 9, 1978, the circuit court entered summary judgment in favor of defendants Jeannette Kay Pittock and State Farm Mutual Automobile Insurance Company. On March 18, 1978, plaintiff filed a notice of appeal from said summary judgment and it was assigned our docket number 10980. On March 6, 1978, the circuit court entered summary judgment in favor of defendant John William Gardner, executor of the estate of Mary Loomis Gibson, deceased. Plaintiff filed a notice of appeal from said second summary judgment on April 14, 1978, and it was assigned our docket number 11008.

These appeals present the anomaly of having two judgments, albeit interlocutory in nature, entered in the same action. Ordinarily, only one final judgment may be entered in an action. 1 Freeman on Judgments, § 101 (5th ed. 1925). In Missouri, the right to appeal is created and governed by statute. V.A.M.S. § 512.020. One of the statutory prerequisites to the right of review and this court's power to review is that a judgment has been entered which possesses sufficient finality to dispose of all the parties and all issues framed by the pleadings. Further, this court must, sua sponte, examine the files and records of each case to assure that this court has jurisdiction to entertain the appeal. *Wile v. Donovan,* 514 S.W.2d 177, 178[2] (Mo.App. 1974).

One may argue that the composite effect of the two summary judgments is a judicial determination as to all the parties and issues. However, the Supreme Court

of Missouri has ruled in a similar situation that such interlocutory pronouncements do not constitute a judgment from which an appeal may be taken. *Bolin v. Farmers Alliance Mut. Ins. Co.,* 549 S.W.2d 886 (Mo. banc 1977). There, the trial court entered summary judgment in favor of one defendant and subsequently sustained a motion to dismiss the remaining defendant. The court held that appellate courts should not be obliged to seine the transcript to piece together interlocutory judgments sufficient to dispose of the parties and issues. The court suggested that the last such order might incorporate the prior summary judgment by reference with the result that said order would be a final appealable judgment. *Bolin v. Farmers Alliance Mut. Ins. Co.,* supra, at 891[4–6]. We deem the situation in *Bolin* sufficiently similar to control the case at bar.

The instant appeals must be and hereby are, dismissed.

All concur.

BILLINGS, C. J., did not participate.