Donald O. ESCHELBACH,
Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Jim Butler Chevrolet, Inc., General Motors Acceptance Corporation, Defendants-Respondents.

No. 46681.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 13, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Richard M. Stout and Kennard B. Woods, Chesterfield, for plaintiff-appellant.

James McDaniel, Lashly, Caruthers, Baer & Hamel, James E. Hawk, Jr., Hawk & Mattingly, Clayton, Russell F. Watters, Robert J. Koster, St. Louis, for defendants-respondents.

SIMON, Judge.

Eschelbach appeals from the trial court's granting of a summary judgment in favor of defendant, General Motors Corporation (GM). The points relied on by Eschelbach all relate to the propriety of the summary judgment. Appeal dismissed.

Eschelbach's petition named as defendants, GM, Jim Butler Chevrolet, Inc. (Butler) and General Motors Acceptance Corporation (GMAC). It concerned an alleged defective truck bought from Butler by Eschelbach. The petition contained four counts, basically alleging breach of an implied warranty of fitness and fraudulent misrepresentation and concealment. GM's motion for summary judgment granted on November 4, 1982, provided, "Motion of Defendant General Motors Corporation for Summary Judgment argued and sustained. Hearing on other matters deferred to be reset."

On September 24, 1982, Butler filed a Motion to Dismiss for Improper Venue. A similar motion was filed by GMAC on November 12, 1982. These motions were sustained by the court on December 16, 1982, wherein the order provided, "Motions of Defendants Jim Butler Chevrolet, Inc. and General Motors Acceptance Corp. to Dismiss for lack of proper venue sustained."

On November 19, 1982, Eschelbach filed a Motion to Vacate, Set Aside or Amend Summary Judgment and a Motion to Amend his petition. The former was denied on December 16, 1982. Eschelbach's Notice of Appeal was filed on January 24, 1983.

Our dismissal of this appeal for lack of a final judgment is grounded upon our Supreme Court's holding in *Bolin v. Farmers Alliance Mutual Insurance Co.*, 549 S.W.2d 886 (Mo. banc 1977). In *Bolin*, a summary judgment was entered for Farmers on March 21, 1975. On March 25, 1975, the trial court sustained without prejudice defendant-Abernathy's Motion to Dismiss. The Supreme Court dismissed Bolin's appeal for lack of a final judgment from which to appeal. The Supreme Court stated that the summary judgment, not designated as a final judgment, was merely interlocutory since it did not "adjudicate the rights as between plaintiffs and Abernathy as to the accidental death policy or the proceeds thereof." *Bolin*, at 890. As in *Bolin*, GMAC and Butler were granted dismissals without prejudice. (*See*, Rule 67.03 which states that a dismissal for improper venue is without prejudice). Further, the order did not constitute a final judgment in that it did not dispose of all issues and all parties. § 512.020 RSMo 1978; *Bolin*, at 889–891. Accordingly, we are constrained to dismiss Eschelbach's appeal of the summary judgment.

Appeal dismissed.

CRIST, P.J., and PUDLOWSKI, J., concur.