**STATE ex rel. Charles R. and Karin CRITES, Appellants,**

v.

**SHO–ME DRAGWAYS, et al., Respondents.**

**No. 68128.**

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Loren R. Honecker, J.R. Victor, Springfield, for appellants.

Robert S. Wiley, Crane, Daniel W. Imhof, Springfield, for respondents.

WELLIVER, Judge.

Appellants, Charles and Karin Crites, appeal from the Greene County Circuit Court's December 30, 1985 order dismissing their Third Amended Petition for Injunction against respondents Stewart and Sho-Me Dragways, Inc. for improper venue and against respondents Wilkerson for failure to state a cause of action. The Court of Appeals, Southern District, dismissed the Crites' appeal for lack of appellate jurisdiction and held that the circuit court order was not a final judgment. We transferred the case to decide the appellate jurisdiction question. Mo. Const. art. V, § 10; Rule 83.06. We find that the court of appeals had jurisdiction over the appeal and we retransfer the cause to the court of appeals for a determination on the merits of the appeal.

The facts in this case are not in dispute. Appellants Crites sought to enjoin the operation of a raceway or dragway across the road from their residence in Christian County, Missouri. On August 28, 1985, appellants filed their Third Amended Petition for Injunction, naming as defendants

Sho-Me Dragways, Inc. (Sho-Me), the dragway operator, a Missouri corporation with its registered office in Greene County, Missouri; Al and Chery Wilkerson, officers of Sho-Me and residents of Greene County, Missouri; and Joe and Jean Stewart, owners of the Christian County property and residents of Stone County, Missouri.

In September 1985, respondents filed motions to dismiss for improper venue and for failure to state a cause of action. On December 30, 1985, the Greene County Circuit Court entered a single order dismissing the petition as to respondents Stewart and Sho-Me for lack of proper venue, and, as to respondents Wilkerson, for failure to state a cause of action. Appellants appealed to the Court of Appeals, Southern District, which held that the circuit court order was not an appealable final judgment. On March 31, 1986, the court of appeals dismissed the appeal for lack of appellate jurisdiction.

On April 21, 1986, appellants sought a writ of mandamus from this Court to order the court of appeals to hear the appeal. On May 13, 1986, we denied the writ of mandamus and treated the mandamus petition as an application for transfer, which application we granted.

The right of appeal, which is statutory,[1] is set forth in § 512.020, RSMo 1978,[2] which provides, in pertinent part, "Any party to a suit ... may take his appeal to a court having appellate jurisdiction[3] ... from any final judgment in the case...." We consistently have held that, in order to prevent piecemeal litigation, a final judg-

ment must have disposed of all issues and all parties. *Hill v. Boles,* 583 S.W.2d 141, 147 (Mo. banc 1979); *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977); *Spires v. Edgar,* 513 S.W.2d 372, 373 (Mo. banc 1974); *see generally* Comment, *Problems of Finality of Judgments for Purposes of Appeal in Missouri,* 44 Mo.L.Rev. 727 (1979).

In *Eschelbach v. General Motors Corp.,* 661 S.W.2d 821 (Mo.App.1983), which respondents claim controls this case, the trial court granted summary judgment in favor of one defendant and later dismissed the claims against the other defendant for for lack of proper venue. The *Eschelbach* decision relies on and is quite similar to *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886 (Mo. banc 1977), in which the trial court first granted summary judgment in favor of Farmers and later dismissed without prejudice the claims against Abernathy. In *Bolin,* the court reasoned that the summary judgment order was interlocutory since it did not dispose of all parties and all issues. The *Bolin* court declined to find that the dismissal as to Abernathy transformed the interlocutory judgment into a final judgment since "[t]he transcript on appeal should contain a final judgment, plainly constituting such." *Bolin,* 549 S.W.2d at 891.

It was the lack of a single final judgment and not the fact that some of the issues or parties were disposed of without prejudice that barred appealability in *Bolin* and *Eschelbach.* The court in *Bolin* specifically

1. *Hill v. Boles,* 583 S.W.2d 141, 147 (Mo. banc 1979); *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977); *Dudeck v. Ellis,* 376 S.W.2d 197, 204 (Mo.1964).

2. 512.020. **Who may appeal.**—Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judg-

ments in actions of partition which determine the rights of the parties or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

3. "The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." Mo. Const. art. V, § 3.

stated that, had the summary judgment in favor of Farmers been combined with the dismissal without prejudice as to Abernathy, "there clearly would have been a final appealable judgment." *Bolin*, 549 S.W.2d at 891.

The facts of this case appear to be the facts hypothesized in *Bolin*. Here, the trial court issued a single order disposing of appellants' claims against the Wilkersons for failure to state a cause of action and against the Stewarts and Sho-Me for lack of proper venue. This order disposes of all parties and all issues. Allowing this appeal promotes the purpose behind the final judgment requirement—the prevention of piecemeal litigation. *Bolin*, 549 S.W.2d at 889.

We hold that the Greene County Circuit Court order of December 30, 1985 is an appealable final judgment. We retransfer the case to the Court of Appeals, Southern District, for a determination on the merits of the appeal.

All concur.