**CONSTRUCTION ESCROW SERVICE, INC., Plaintiff-Appellant,**

v.

**ST. CHARLES MOTOR INN CORPORATION, et al., Defendants-Respondents.**

No. 51211.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1986.

Motion for Rehearing and/or
Transfer Denied
Jan. 22, 1987.

Application to Transfer Denied
March 17, 1987.

Clyde C. Farris, Clayton, for plaintiff-appellant.

Robert N. Feldmann, St. Louis, for Johnstons & St. Charles Motor Inn.

Stephen L. Kennedy, St. Charles, for Blossoms.

PUDLOWSKI, Presiding Judge.

In August 1971, a Construction and Disbursing Escrow Agreement was entered into by the following parties: St. Charles Motor Inn Corp., as the owner and contractor (St. Charles); First Mortgage Investors, as the mortgagee (FMI) and; Construction Escrow Services, Inc., as the escrowee (Construction Escrow). The sequence of events leading to this action began with a loan to St. Charles. FMI lent St. Charles 1.6 million dollars for construction of a Howard Johnson Motel. St. Charles eventually defaulted on their mortgage payments and FMI foreclosed. Upon foreclosure FMI discovered they did not have a security interest in the furniture in the motel. Leasing Service Corp. owned the

furniture and was leasing it to St. Charles. Leasing Service Corp. brought suit against FMI which was settled. FMI (through Title Insurance Company) then brought suit against Construction Escrow claiming Construction Escrow agreed to guaranty and hold Title Insurance Company harmless. At the same time Construction Escrow filed a third party action against defendants Blossoms and Johnstons which was severed. Judgment was entered against Construction Escrow March 14, 1983, in the amount of $50,045.49 plus $9,106.51 interest. The judgment was affirmed whereupon Construction Escrow paid the judgment in full.

This action is based upon the severed third party action filed against the Blossoms and the Johnstons by Construction Escrow. On December 13, 1985, defendants George and Betty Johnston filed a joint Motion for summary judgment which Charles and Marion Blossom joined. Johnston's motion claimed they did not execute "the Rider," two additional terms, nor did they execute the new legal description contained in the Construction and Disbursing Agreement. Defendants also claimed the alterations were made after they executed and signed the agreement, without their knowledge or consent. Defendants submit material alterations such as these discharge and release them from liability under the original agreement. The motion contained copies of two contracts; one, the original executed agreement the other the contract containing the Rider and the new property description. Also, Johnston submitted a copy of a letter which referred to the alteration of the original agreement. Appellant neither filed written suggestions in opposition to the motion nor submitted a counter-affidavit disputing the facts surrounding the case at bar. The trial court granted Betty Johnston's and Marion Blossom's motion for summary judgment and we affirm.

The summary judgment was declared to be final and appealable by the trial court. The appealability of a summary judgment was recently discussed by the Missouri Supreme Court in *State ex rel Charles and Karin Crites v. Sho-Me Dragways,* 719 S.W.2d 785 (Mo. banc 1986). There the court of appeals had dismissed the appeal. The Supreme Court determined the court of appeals should have ruled on the summary judgment because it was final as it would dispose of all parties and all issues. "Allowing the appeal promotes the purpose behind the final judgment requirement— the prevention of piecemeal litigation." *Crites,* 719 S.W.2d at 787; *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977). Similarly, in the case at bar the summary judgment was declared a final judgment and appealable and we therefore will review the trial court's decision in light of *Crites.*

Upon appeal this court must determine whether the lower court correctly granted the motion for summary judgment. First, appellant argues the trial court erred in granting summary judgment because disputed material factual issues existed as to whether or not the revised legal description and Rider were attached to the escrow agreement before or after respondents signed as guarantors. Appellant failed to present evidence in support of this argument. Respondents submitted a letter as evidence and their affidavits with the motion for summary judgment. The letter states: "Please note that a Rider has been attached to the original agreement and it will be necessary for the Rider to be properly executed." The letter established that the Rider and the new property description had been attached subsequent to the signing of the initial agreement. Appellant was not present at the summary judgment hearing and did not submit anything contradicting respondent's evidence. The applicable rule in this case is: "when a motion for summary judgment is made and supported by affidavits and· exhibits, ... the party resisting the motion may not rest on the mere allegations or denials of his pleading, but must responded by proper affidavit or as otherwise provided by the rule, setting forth specific facts showing there is a genuine issue for trial." *Hyten*

*v. Cape Mutual Insurance Co.*, 663 S.W.2d 430, 431 (Mo.App.1983); V.A.M.R. 74.04(e).

In this case Rule 74.04 "otherwise provides" the resisting party may rely on the evidence contained in depositions. V.A. M.R. 74.04(e). However, although the contract in question is the subject of discussion many times, specific facts, demonstrating a genuine issue for trial, are not evident. For example, in the deposition of Charles Blossom the following testimony appears:

Q. Do you have any recollection of any negotiations leading up to the execution of the document?

A. I do not.

Q. And so you have no recollection of any events leading up to the placing on this document or the phrase 'we personally guarantee obligations of owner and contractor under the terms of this agreement?'

A. No, I don't.

Q. Do you have—I assume therefore no recollection of the events leading up to the last page being executed which in captioned 'Rider attached to and specifically made apart,' et cetera and contains two paragraphs numbered 52 and 53?

A. No, I don't.

No evidence exists in the record explaining when the Rider was attached or under what circumstances it was attached. In fact none of the four deposed parties remembers anything about the events surrounding the Construction and Disbursing Escrow Agreement, although they all identified their signatures on it.

Appellants assertion of the immateriality of the changes is not made anywhere in the record, nor can it be surmised from the other evidence presented. An affidavit or other evidence must demonstrate the Rider's lack of materiality, and this must be shown with *specificity*. *Hyten*, 663 S.W.2d at 432. Therefore, because appellant's failed to present evidence in their behalf, and no evidence exists in the depositions to support their claim that the changes made through the Rider were not material, the trial court correctly granted respondents motion for summary judgment.

CRANDALL and KAROHL, JJ., concur.