**James P. AHERN, Plaintiff-Appellant,**

v.

**Richard L. TURNER, et al.,
Defendants-Respondents.**

**No. 52475.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 1987.

Stephen J. Nangle, Nangle & Nangle, P.C., St. Louis, for plaintiff-appellant.

Edward S. Meyer, Adrian P. Sulser, Evans & Dixon, St. Louis, for defendants-respondents.

SIMEONE, Senior Judge.

This is an appeal from a judgment entered by the circuit court of the City of St. Louis on November 3, 1986 granting summary judgment in favor of defendant, Richard L. Turner, on plaintiff's claim for legal malpractice.

On March 10, 1986, plaintiff Ahern filed a petition against Richard L. Turner, an attorney; Turner & Turner, a legal partnership; Hillary H. Hallet, an attorney; and Turner & Hallett, a legal partnership. The petition sought damages for legal malpractice, and alleged that Richard L. Turner negligently and carelessly failed to advise plaintiff before he pleaded guilty to two charges of vehicular manslaughter, failed to investigate the facts, interview witnesses, conduct discovery, suppress certain evidence and failed to inform him of the collateral consequences of pleading guilty, thus proximately causing him to suffer damages.

Plaintiff was charged in an indictment with two counts of vehicular manslaughter and one count of driving while intoxicated, arising out of an accident which took place on December 1, 1983 while plaintiff was exiting on a ramp from the Poplar Street Bridge on Interstate 70. Plaintiff was operating a large tractor trailer. The vehicle overturned, fell onto the automobile, a fire occurred and two persons were killed.

Plaintiff pleaded guilty to two counts of manslaughter. The circuit attorney nolle prosequied the driving while intoxicated count. A plea bargain was made, and the plea trial court extensively questioned Ahern in accordance with the Rules. The guilty plea was taken on May 9, 1984. Plaintiff admitted his guilt. The plea court accepted the plea of guilty on both counts.

**262**

On August 24, 1984, the court sentenced plaintiff to three years on each count to run consecutively.

Subsequently, plaintiff filed his petition for damages. On September 15, 1986, the defendants Turner and Turner & Turner, a partnership, and Turner and Hallett, a partnership, filed a "joint answer." On that same date, Turner separately filed his motion for summary judgment relying on the doctrine of collateral estoppel—that the guilty plea operates to preclude plaintiff from bringing a legal malpractice claim against him. In his motion, Turner also denied that his alleged negligent acts "were the proximate cause of his injury."

On November 3, 1986, the trial court granted "Defendant 'Turner's' Motion for Summary Judgment." Hallet entered his appearance "as if served in this matter."

In this procedural posture, the appeal must be dismissed. Ahern's action is against Turner and others. The judgment appealed from is silent as to any action taken against the defendants other than Turner. The order granting summary judgment granted "Defendant 'Turner's' Motion," only; there has been no final judgment issued as to other defendants.

■ In the briefs, neither party refers to the issue of whether the judgment is presently appealable. To be appealable, a judgment must dispose of all the issues and all parties. *Hill v. Boles*, 583 S.W.2d 141, 147 (Mo. banc 1979). This is required to avoid "piecemeal presentation of cases on appeal." *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889 (Mo. banc 1977). This court must, *sua sponte*, examine the record to assure that this court has jurisdiction to entertain this appeal. *First Nat. Bank & Trust Co. of Joplin v. Pittock*, 572 S.W.2d 182, 183 (Mo.App.1978). A judgment is not appealable when it does not dispose of all the parties.

■ When one of several defendants in an action files a motion for summary judgment, and judgment is granted to one, and the record is silent as to any disposition of the other parties, the judgment granting summary judgment is not appealable.

*Warmann v. Ebeling*, 62ᵥ S.W.2d 691 (Mo. App.1981); *Hill v. Boles, supra*, 583 S.W.2d at 147–48.

The plaintiff attempts to appeal from an unappealable judgment.

The appeal is dismissed.

SNYDER, C.J. and CARL R. GAERTNER, J., concur.